Amos JOSEPH, Appellant,

v.

The STATE of Texas, Appellee.

No. 67099.

Court of Criminal Appeals of Texas, Panel No. 2.

April 15, 1981.

J. Michael Bradford, on appeal only, Beaumont, for appellant.

James S. McGrath, Dist. Atty., R. W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

DALLY, Judge.

This is an appeal from an order revoking probation. The appellant entered a plea of guilty. There was a deferred adjudication of guilt and the appellant was placed on probation for eight years. After hearing the motion to revoke probation the court found that the appellant had committed the offense of aggravated robbery in violation of the conditions of probation. The appellant was sentenced to serve a term of imprisonment of twenty years.

■ This appeal is from the original proceedings as the adjudication of guilt or revocation proceedings are not reviewable. *Shields v. State*, 608 S.W.2d 924 (Tex.Cr. App.1980).

The appellant asserts that: "The trial court erred by failing to establish during the appellant's guilty plea proceeding that the plea was voluntary and based on an intelligent understanding of the charge."

In an excellent brief the appellant's counsel on appeal summarizes his argument as follows:

"The United States Constitution requires that in order for due process to be satisfied in a guilty plea proceeding, the record must establish that the plea was voluntary. In order to be voluntary, the record must show that the defendant had an understanding of the charge against him and the factual basis for the plea as it related to the law. Although the United States Supreme Court has not directly addressed the issue, it appears that the Constitution requires the trial court to personally address the defendant about these matters in the record. But even if such an inquiry is not required by the Constitution, this record clearly fails the constitutional requirement of establishing the voluntariness of the plea."

Essentially the same argument was presented and rejected in the case of *Lincoln v. State*, 560 S.W.2d 657 (Tex.Cr.App. 1978). In that case as in this case there was reliance on *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). There it was said:

"Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent."

■ There may be slight differences in the records in this case and *Lincoln v. State*, supra, but they are substantially the same and our opinion in that case is controlling here. It was said in that opinion, "all of the required elements in the offense were correctly stated in the indictment. The record in this case fails to show that appellant was not given an explanation of the elements of the offense." As stated in *Henderson v. Morgan*, supra, it is appropriate to presume that defense counsel explained the notice of the offense in sufficient detail to give the appellant notice and an understanding of what he was asked to admit. There is nothing in the record to suggest that any element of the offense was not explained to the appellant.

■ Appellant also argues that the procedure of rule 11 of the Federal Rules of Criminal Procedure should be held to be required under both the United States and Texas Constitution. The Supreme Court of the United States has never so held and we reject this contention.

Under this record there is no showing that the appellant's plea of guilty was not made voluntarily with an understanding of the charge against him.

The judgment is affirmed.