**Micheal BALLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0171–CR.**

Court of Appeals of Texas, Amarillo.

Feb. 8, 1982.

Mallory G. Holloway, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Arnold N. Miller, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Micheal Ballard has perfected an appeal to challenge his conviction for

burglary of a habitation, the punishment for which was fixed at confinement for 20 years. The conviction resulted from an adjudication of guilt in a hearing held subsequent to the time the court had deferred final adjudication of appellant's guilt and placed him on probation. Tex.Code Crim. Pro.Ann. art. 42.12 § 3d(b) (Vernon 1979). Inasmuch as the trial court's decision to proceed to the adjudication of guilt is not reviewable, we affirm.

On 13 January 1981, appellant, after waiving indictment, was charged by information under the name of Michael Ballard with a 13 November 1980 burglary of a habitation. On his plea of guilty and its finding that the evidence substantiates the plea, the court deferred further proceedings without an adjudication of guilt, suspending such proceedings for five years, and placed appellant on probation. Tex.Code Crim. Pro.Ann. art. 42.12 § 3d(a) (Vernon 1979).

Fourteen weeks later, the State moved the court to proceed with adjudication of guilt on the original charge. As the basis for its motion, the State alleged that appellant had violated the first condition of his probation that he commit no offense against the laws of Texas or any other government entity by committing, on or about 18 April 1981, the offense of burglary of a habitation.

Hearing the motion, the court proceeded to an adjudication of appellant's guilt for the original 13 November 1980 offense of burglary of a habitation. The court assessed appellant's punishment at confinement for a term of 20 years.

In appealing, appellant seeks to overturn his conviction on the sole ground that the evidence is insufficient to support the finding that he had violated the terms and conditions of his probation. He does not otherwise challenge the validity of his conviction.

The provisions of Tex.Code Crim.Pro. Ann. art. 42.12 § 3d(b) read:

> On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred (emphasis supplied).

The Court of Criminal Appeals has held that, by the very language of the statute, no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge. *Daniels v. State*, 615 S.W.2d 771 (Tex.Cr.App.1981); *Wright v. State*, 592 S.W.2d 604, 606 (Tex.Cr.App.1980); *Williams v. State*, 592 S.W.2d 931, 932–33 (Tex. Cr.App.1979).

Although the State has not questioned the right of appellant to bring this appeal, if, as the Court of Criminal Appeals consistently holds, no appeal lies, then we have no jurisdiction to entertain the appeal. If there is no jurisdiction to entertain the appeal, it should be dismissed for lack of jurisdiction. *Ex parte Paprskar*, 573 S.W.2d 525, 528 (Tex.Cr.App.1978).

Notwithstanding, our court of supreme jurisdiction in criminal causes also consistently settles this type of appeal by an affirmance of the judgment of conviction. *See Daniels v. State, supra; Wright v. State, supra*; and *Williams v. State, supra*. In fact, the appeal before us is an echo of the factual situation in *Williams v. State, supra*, which teaches that the appeal before us presents nothing for review and requires that the judgment of conviction be affirmed.

Accordingly, the judgment is affirmed.