Craig BARLOW, Appellant,

v.

STATE of Texas, Appellee.

No. 09–81–010–CR.

Court of Appeals of Texas, Beaumont.

Feb. 17, 1982.

William G. Martin, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant plead nolo contendere to a charge of rape of a child. The court assessed punishment at ten years' confinement in the Texas Department of Corrections.

Appellant's sole ground of error follows:

"The trial court committed fundamental and reversible error by failing to establish during appellant's plea of nolo contend[e]re that the plea was voluntary and based on an intelligent understanding of the charge under the provisions of Article 26.13, V.A.C.C.P."

Appellant cites us *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Henderson v. Morgan*, 426 U.S. 637, 644, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976); *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), all of which require the plea to be made voluntarily and with knowledge. We now set forth the proceedings in the trial court:

"THE COURT: Cause Number 38,816 is called, the State of Texas versus Craig Barlow.

"Let the record reflect that the Defendant is present before the Court along with his attorney, Mr. Martin.

"Does he waive the formal reading of the indictment?

"MR. MARTIN: Yes, sir, your Honor.

"THE COURT: Mr. Barlow, the indictment charges you with the offense of rape of a child. The offense date is June 13, 1980, in Jefferson County, Texas.

"Do you plead guilty or not guilty?

"THE DEFENDANT: Your Honor, I'd like to plead nolo contend[e]re.

"THE COURT: No contest. Your correct name is Craig Barlow?

"THE DEFENDANT: Craig Barlow. Yes, sir.

"THE COURT: Mr. Barlow, under our law this offense is classified as a second degree felony, which means the possible punishment that you could receive is from two to twenty years in the penitentiary. And in addition, a fine up to ten thousand dollars.

"Do you understand the punishment range?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, your attorney along with the State of Texas has not

agreed as to what the proper punishment should be.

\* \* \* \* \* \*

"Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you understand that since they have not agreed as to what the proper punishment should be, that it is entirely up to the Court to assess the punishment?

"THE DEFENDANT: Yes, sir.

"THE COURT: You need to understand also that both are recommending I defer the adjudication of guilt. I don't have to do that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And in other words, I can assess your punishment anywhere from two to twenty years in the penitentiary; and in addition, assess a fine of up to ten thousand dollars; or I could place you on regular probation; or I can also defer the adjudication of guilt and place you on probation.

"Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand?

"THE DEFENDANT: Yes, sir.

"THE COURT: But you understand basically, no matter what the possibilities are, it will be entirely up to the Court to decide what the proper punishment should be?

"THE DEFENDANT: Yes.

"THE COURT: Understanding that, do you still wish to enter a plea of no contest?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Any evidence that he is incompetent to stand trial?

"MR. MARTIN: None, your Honor.

"THE COURT: Mr. Barlow, are you pleading no contest freely and voluntarily?

"THE DEFENDANT: Yes, sir.

"THE COURT: The State has tendered State's Exhibit Number One; is there any objection?

"MR. MARTIN: No objection, your Honor.

"THE COURT: There being no objection, State's Exhibit Number One is admitted.

"Mr. Barlow, State's Exhibit Number One contains among other things a judicial confession. By making this judicial confession that alone is sufficient for the Court to find you guilty without any other evidence or testimony.

"Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand everything else that you have signed here today?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay. And you have read this indictment and has you attorney explained it to you?

"THE DEFENDANT: Yes.

"THE COURT: And is everything alleged in the indictment true and correct?

"THE DEFENDANT: Yes, sir."

We believe the above satisfies fully the requirements of the decisions earlier cited in this opinion.

Our Court of Criminal Appeals had the same contention before it in *Joseph v. State*, 614 S.W.2d 164 (Tex.Cr.App.1981). In *Henderson v. Morgan*, 426 U.S. 637, 647, 96 S.Ct. 2253, 2259, 49 L.Ed.2d 108, 116 (1976), the Court said it is "appropriate to presume that ... defense counsel ... explain[ed] the nature of the offense in sufficient detail to give the accused notice [and an understanding] of what he is being asked to admit." There is nothing in the record to suggest that any element of the offense was not explained to the appellant.

In the case at bar, the trial judge went further and asked appellant if his attorney explained the charge. The appellant answered in the affirmative and also informed the trial judge that everything alleged in the indictment was true. Appellant's ground of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.