**Lester Vern HOOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0321–CR.**

Court of Appeals of Texas, Amarillo.

July 12, 1983.

Morris Overstreet, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Arnold Miller, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Upon appellant Lester Vern Hooks' plea of guilty to the offense of robbery, the court, finding that the evidence substantiated appellant's guilt, deferred adjudication of guilt and placed appellant on probation for a period of three years. Tex.Code Crim. Pro.Ann. art. 42.12 § 3d(a) (Vernon Supp. 1982–1983). Thereafter, the State, utilizing a duplicated form designated as a motion to revoke order for adult probation, alleged that appellant had violated five of the probationary conditions imposed by the court. Following notice and hearing, the court, finding that appellant had committed four of the five violations alleged, determined to and did proceed with an adjudication of guilt on the original charge, sentencing appellant to confinement in the Texas Department of Corrections for a term of sixteen years.

Appellant seeks to appeal from the judgment on the sole contention that the court erred in proceeding to adjudication of guilt on a motion to revoke probation in the absence of a request to proceed with adjudication of guilt. However, we may not en-

tertain the contention, for Section 3d(b) of Article 42.12 provides that no appeal may be taken from the court's determination to proceed with an adjudication of guilt on the original charge. *Accord, Williams v. State,* 592 S.W.2d 931, 932 (Tex.Cr.App.1979).

Although the statute provides that no appeal may be taken, the previous practice was to affirm the conviction where an appeal was attempted. *See Ballard v. State,* 628 S.W.2d 236, 237 (Tex.App.—Amarillo, pet'n ref'd), adhering to *Daniels v. State,* 615 S.W.2d 771 (Tex.Cr.App.1981); *Wright v. State,* 592 S.W.2d 604, 606 (Tex.Cr.App. 1980), and *Williams v. State, supra.* Subsequent to those decisions, however, the Court of Criminal Appeals has held that rather than affirming the conviction upon such an attempted appeal, the court of appeals should not entertain the purported appeal. *Contreras v. State,* 645 S.W.2d 298 (Tex.Cr. App.1983).

Accordingly, the appeal is dismissed.