**Tyrone SEALS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 100 CR.**

Court of Appeals of Texas,
Beaumont.

April 11, 1985.

James Makin, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

PER CURIAM.

This is an appeal from a final adjudication of guilt for the offense of robbery.

On August 1, 1983, Appellant entered a plea of guilty to the offense of robbery. After hearing the evidence, and finding that it substantiated Appellant's guilt, the court deferred further proceedings without entering an adjudication of guilt, pursuant to *TEX. CODE CRIM.PROC.ANN. art. 42.12, sec. 3d(a)* (Vernon Supp.1985). Pursuant to a plea bargain agreement, Appellant was placed on probation for a period of seven years.

On the 21st day of December, 1983, the State filed a motion to revoke Appellant's probation, alleging two violations of his probation. Appellant entered a plea of true to each allegation, and the court found each to be true. The court subsequently revoked Appellant's probation and proceeded to adjudicate the guilt of Appellant upon the original charge of robbery, and assessed his punishment at confinement for a term of seven years.

In *Contreras v. State*, 645 S.W.2d 298 (Tex.Crim.App.1983), the Court states:

"[I]n *Williams v. State*, 592 S.W.2d 931 (Tex.Cr.App.1979), we held that under the terms of Article 42.12, sec. 3d(b), V.A.C.C.P., no appeal may be taken from the hearing in which the trial court deter-

mines to proceed with an adjudication of guilt on the original charge. See *Wright v. State*, 592 S.W.2d 604 (Tex.Cr.App. 1980) and *Daniels v. State*, 615 S.W.2d 771 (Tex.Cr.App.1981). Accordingly, the purported appeal should have never been entertained by the Court of Appeals."

We find it important to recite a general order, in a per curiam by this Court, on September 7, 1982. On that date the membership of the Court was Chief Justice Martin Dies, Jr., Associate Justice Quentin Keith and Associate Justice Harold Clayton. That general order has not been rescinded nor modified. It reads as follows:

### GENERAL ORDER

RE: *Art. 42.12, sec. 3d(b)*
Code of Criminal Procedure

#### I. FINDINGS

A. The statute, *Art. 42.12, sec.3d(b), V.A.C.C.P. (1979),* provides that no appeal may be taken from a determination by the trial court to proceed with an adjudication of guilt on the original charge of a person theretofore granted probation under the provisions of *Art. 42.12, sec. 3d(a), V.A.C.C.P. (Supp.1982).*
B. The Court of Criminal Appeals has held in a series of cases "that under the terms of the above statute, no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge."

See *Wright v. State*, 592 S.W.2d 604, 606 (Tex.Cr.App.1980), from which the foregoing quotation has been taken. See also, *Williams v. State*, 592 S.W.2d 931 (Tex.Cr.App.1979); and *Daniels v. State*, 615 S.W.2d 771 (Tex.Cr.App.1981), holding that a contention presenting an abuse of discretion because of insufficiency of the evidence to support the court's order revoking probation "is not reviewable."

See K. FitzGerald, "1981 Criminal Decisions", *33 BAYLOR L.REV. 877, 906–907 (1981),* where additional authorities are cited.

C. This Court, following *Daniels v. State*, supra, has adopted the policy of dismissing such appeals. See, e.g., No. 09–81–072, *Carey Lee Knight v. The State of Texas*, June 2, 1982; No. 09–82–008, *David Hawkins v. The State of Texas*, August 4, 1982, both unpublished opinions.

See and cf. *Ballard v. State*, 628 S.W.2d 236, 237 (Tex.App.—Amarillo 1982, no writ), discussing the order to be entered in such appeals.

#### II. DECLARATION OF POLICY

Since this Court has no jurisdiction to entertain an appeal from a revocation of probation and an adjudication of guilt, henceforth, this Court will not accept for filing records in such cases. A continuation of the policy heretofore prevailing simply clogs the judicial machinery and delays the disposition of causes properly before this Court.

Further, the costs and expense incident to "purported appeals" (*Daniels v. State*, supra) are substantial without any benefit accruing to the State or to the accused.

#### III. ORDER

It is, therefore, ORDERED that the Clerk of this Court shall not accept for filing any records wherein an appellant seeks to appeal from an order proceeding to an adjudication of guilt under the provisions of *Art. 42.12, sec. 3d(b), V.A.C.C.P.*

This order shall not be applicable where an accused has moved for an adjudication of guilt within the time prescribed by the final sentence in *Art. 42.12, sec. 3d(a), V.A.C.C.P.*

Any person feeling aggrieved by the entry of this order may, upon a showing of a justiciable interest, file a motion with this Court seeking the entry of an order requiring the Clerk to accept and file a record arising from a proceeding under the cited statute. The validity of

our order may then be tested in accordance with existing procedures.

## IV.  NOTIFICATION

The Clerk shall furnish copies of this order to the Clerks of the several District Courts within this Supreme Judicial District for their information.

ENTERED this 7th day of September, 1982.

### PER CURIAM"

The next month, in October, 1982, the Court of Criminal Appeals entered the following order.  We quote:

"WRIT NUMBER 12,042
"IN THE COURT OF CRIMINAL APPEALS
"OF THE STATE OF TEXAS

"DONNELL LANE, Applicant

"V.                   --- Application for Writ of

"JOE A. HULGAN, Clerk,       Mandamus
"9th Court of Appeals, Respondent

ORDER

"Where there is a deferred adjudication of guilt and a subsequent adjudication of guilt, then there is no right to an appeal from the adjudication of guilt, but there is at that time a right of appeal from the original proceedings.  See *Joseph v. State*, 614 S.W.2d 164 (Tex.Cr.App. 1981) and *Shields v. State*, 608 S.W.2d 924 (Tex.Cr.App. 1980).  Thus, leave to file this Original Application for Writ of Mandamus is denied.

"It is so ordered this 25th day of October, 1982.

"Per Curiam

"En Banc"

■ Again, it is glaringly clear that this is an appeal from a subsequent adjudication of guilt based on a Motion to Revoke Unadjudicated Probation that was definitely filed after the adjudication of guilt.  The December, 1983, motion to revoke set forth two grounds of violation of probation.  The first was that Appellant committed the offense of resisting arrest on November 24, 1983, by using force against one Brit Featherston when the Appellant knew that Featherston was a peace officer.  The second count was that Appellant failed to pay his fine, court costs and supervisory fees.  In January, 1984, the Appellant actually pleaded "true" to both counts.  Nothing in this appeal attacks the original proceedings.

■ We hope, and believe, that it will be beneficial to the administration of justice and the economy of the court system to publish this opinion and the orders set out above.  Under the decisive holdings, mandates and orders of the Court of Criminal Appeals, where there is a deferred adjudication of guilt and a subsequent adjudication of guilt, there simply is no appeal from the subsequent adjudication of guilt based on a motion to revoke alleging new grounds of violation of probation.  This type of appeal, we find, should not be attempted.

This appeal is dismissed.