**Haywood Joseph WADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–027 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 28, 1985.

Hugh O'Fiel, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

The Appellant pleaded guilty to an indictment charging him with attempted burglary of a building owned by Steven Yianitsas. The attempt to enter was done by burning the wood around a lock with a torch. An enhancement paragraph alleged that the Appellant had been finally convicted of burglary of a building in the Criminal District Court of Jefferson County.

The State proceeded on the entirety of the indictment. The court accepted the plea and stated:

"Then I find the facts justify a verdict of guilty...."

The court deferred a decision on punishment until a presentence report was filed. After receiving the presentence report, the court assessed punishment at 20 years confinement.

This appeal is based on one ground of error. The Appellant contends that fundamental and reversible error was committed by the trial court by failing to establish that the Appellant's plea of guilty was voluntary and based on an intelligent understanding of the charge under the provisions of *TEX.CODE CRIM.PROC.ANN. art. 26.- 13* (Vernon Pamph.Supp.1985). During the first hearing, on the guilty plea, the Appellant approved, agreed to and signed, several waivers and stipulations. These included a "Stipulation of Evidence", a "Waiver of Rights", and a "Judicial Confession". The Appellant consented to the introduction of:

" ... written statements of witnesses *and any other documentary evidence*

*in support of the judgment of the Court."* (Emphasis ours)

The Appellant waived all rights secured him by law, whether of substance or of procedure, which waiver stated that any error which may have been committed was and is harmless. The judicial confession read:

"Under oath, in writing, and in open Court, I swear that I have read the indictment against me in this case *and understand everything it contains; that I committed each and every element alleged therein; and that I am guilty of all offenses charged therein and all lesser included offenses."* (Emphasis ours)

The stipulation and waivers were sworn to before a deputy district clerk in open court.

We have read the Statement of Facts at the hearing on the guilty plea as well as that at the hearing on sentencing. We find that the plea was voluntary and based on an intelligent understanding of the charge. We find that *art. 26.13* was substantially complied with.

We have carefully read and reviewed a number of lengthy letters and communications written by the Appellant to the trial judge prior to sentencing. From these written communications it is shown that the Appellant has an excellent vocabulary and outstanding ability to express himself and convey his thoughts in writing. This record demonstrates to us that the Appellant is of superior intelligence. These documents are composed of letters and discourses entitled "The 10 Beliefs", "The Eight Letters to Drug Free Recovery", "The 10 Priorities (for drug free recovery and the moulds for moral character)" and "The 10 Committments [sic] of the Drug Program".

The hearing on the plea of guilty in this instant appeal was conducted concurrently with another burglary charge against Appellant to which second burglary charge he also pleaded guilty. We find it significant that the trial judge had before him a number of handwritten letters, communications, tracts, treatises and discourses from the

Appellant. These handwritten communications from the Appellant number about 14 pages in length and are single-spaced on legal size paper.

"The 10 Beliefs" describe a program based on a "desire to stop fixing drugs". "The Eight Letters to Drug Free Recovery", explain in part: "A" is for admitting; "B" is for believing; "C" is for caring; "D" is for dare; "E" is for earn; "F" is for forgetting; "G" is for going, and "H" is for help. "The 10 Priorities (for drug free recovery and the moulds for moral character)", reveal an insightful analysis of the consequences of the use of drugs. These written communications, in the Appellant's own handwriting, to the trial judge, abundantly demonstrate a person of superior intellect, realistic introspection, an outstanding vocabulary, an analytical reasoning ability, and an almost professional talent for expressing concepts in writing.

A similar ground of error was averred in *Joseph v. State,* 614 S.W.2d 164 (Tex.Crim. App.1981). A parallel and authoritative case is *Barlow v. State,* 628 S.W.2d 274 (Tex.App.—Beaumont, 1982, no pet.). We think *Barlow, supra,* is controlling authority in this case. It is interesting to note that the entire dialogue or colloquy between the trial court, the defendant Barlow, and his attorney is set out in a question and answer form in that opinion.

In view of the written stipulations and waivers, above partially set out, and in view of *Barlow, supra,* we find that it is correct and appropriate to presume that defense counsel explained the nature of the offense in sufficient detail to give the accused adequate notice and a meaningful understanding of what he was being charged with, what he was admitting to and of what he was pleading guilty to. *See Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

Upon the whole record, we find that the plea of guilty was voluntary and free and was based upon an intelligent decision. We find the Appellant was mentally competent. We find no errors. We affirm.

AFFIRMED.