## ARTHUR THOMPKINS v. THE STATE.

### No. 5874. Decided June 23, 1920.

**1.—Theft—Sentence—Practice on Appeal—Bills of Exception**

The sentence, being the final judgment. is necessary to attach the jurisdiction of this court in appeal of felony cases; besides, the judgment will be affirmed because the bills of exception were not filed in time.

**2.—Motion to Reinstate—Rule Stated—Certiorari.**

The jurisdiction of this court over its judgments ceases at the expiration of the term, but it seems under the statute that it would extend, or might extend, beyond its termination by reason of the fifteen days after the rendition of the judgment or the adjournment for the term; and, where the motion to re-instate was filed more than thirty days after the rendition of the judgment, and after the adjournment of the term of this court, the sam came too late and cannot be considered, and the *certiorari* cannot be legally awarded.

Appeal from the District Court of Newton. Tried below before the Honorable J. T. Adams.

Appeal from a conviction of felony theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. L. Shaw,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for theft, two years in the penitentiary being the punishment assessed.

The appeal must be dismissed because the record does not contain a sentence. The sentence, being the final judgment, is necessary to

attach the jurisdiction of this court in appeal felony cases. Collated cases may be found in Branch's P. C., p. 338, C. C. P., Art. 853, Vernon's Ann. C. C. P., p. 851. But for this omission in the record the judgment should be affirmed. The two bills of exception taken on the trial are not filed in time granted for that purpose. Court adjourned March 20th. The court granted thirty days in which bills of exception might be filed. The bills were not filed until in early part of May, and could not, therefore, be considered.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

October 13, 1920.

DAVIDSON, PRESIDING JUDGE.—On the 23rd of June last this appeal was dismissed for reasons stated in the opinion. This court adjourned for the term on June 25, 1920. Under the law this court would have jurisdiction over its cases on motions of this character for fifteen days after the rendition of the judgment. Its jurisdiction, after the adjournment of the term, over judgments of the court would seem to cease at the expiration of the fifteen days. The rule would be different during the term, because the court, as a general rule, has jurisdiction over its judgments during the existence of its term. Its jurisdiction over judgments ceases at the expiration of the term, but it would seem by the statute that the jurisdiction of this court would extend or might extend beyond its termination by reason of the fifteen days above mentioned. The record shows that the mandate issued on the 9th day of July, which was after the expiration of the fifteen days allowed for filing motions for rehearing. The motion to re-instate was not filed until July 26th, which was more than thirty days after the rendition of the judgment, and nearly a month, or about a month after the adjournment of the term of court. The statute would seem to limit the jurisdiction of the court in such matters to fifteen days after the rendition of the judgment, or at least not later than fifteen days in any event after the adjournment of the term. The motion to re-instate comes too late. There is no sufficient reason stated why the motion was not filed earlier or within the time, that is, within fifteen days allowed by law. Appellant now alleges that there was in fact a sentence pronounced against him during the term at which he was tried and proper notice of appeal given. In order to have his motion considered it occurs to us he must be brought within the terms of the law in order to invoke the jurisdiction of this court in regard to such action.

Believing that the motion comes too late, and that the *certiorari* cannot be legally awarded, the motion to re-instate is therefore overruled.

*Overruled*