## LUKE CORNUTT v. THE STATE.

No. 14122. Delivered February 4, 1931.
Rehearing Granted and Appeal Dismissed, April 22, 1931.

The opinion states the case.

*Will R. Saunders,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

No statement of facts is brought to this court.

The only tangible thing found in the record which would ordinarily form a basis for action by this court is appellant's objections to the charge of the court. All of such objections turned upon a claim that certain instructions were not justified by the evidence. Manifestly it is impossible for the court to appraise such objections in the absence of the statement of facts.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—In his motion for rehearing appellant challenges the jurisdiction of this court, predicating it upon a claim that no sentence was ever pronounced against appellant, and that while the minutes of the court below show a sentence which was brought forward in the transcript, yet that in truth and in fact no sentence was ever pronounced. It is so well settled that in the absence of a sentence this court is without jurisdiction, there is no necessity to cite particular cases. Many are collated in the Notes under Section 20, Texas Jurisprudence, Vol. 4.

"The Court of Criminal Appeals shall have power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction." Constitution of Texas, Art. 5, Sec. 5. Under the foregoing provision of the Constitution this court is not confined to the record in determining a contention that it is without jurisdiction. See Sec. 130, Vol. 4, Texas Jurisprudence, and cases cited thereunder, among them being Vance v. State, 34 Texas Crim. Rep., 395, 30 S. W., 792, Exparte Cole, 14 Texas Crim. App., 579.

Section 327, Vol. 4, Texas Jurisprudence, reads as follows: "The appellate court is bound by, and must take the record as it finds it, and, as a rule, it cannot consider matters not shown by the record. The record may not be contradicted, impeached, changed or amended by exparte affidavits, *except where the jurisdiction of the appellate court is involved.*"

Attached to appellant's motion for rehearing is a copy of the trial court's docket relating to appellant's case upon which there is no notation regarding the pronouncing of a sentence. Also, there is attached the affidavit of the clerk which states that the transcript in appellant's case was made at the direction of the trial judge; that the purported sentence found therein was copied from the minutes of the court: "* * * but that in truth and in fact this affiant does not know whether sentence was ever imposed upon the said Luke Cornutt by the Court; that this affiant

was not in the courtroom at the time sentence, if any, was imposed, and affiant does not know of his own personal knowledge whether sentence was imposed upon the said Luke Cornutt by the Court. Affiant further says that no sentence was ever written up and filed with the papers in said cause, and that the only reason that said sentence was placed upon the minutes was that he just naturally supposed that in as much as the defendant had been tried and convicted, the Court did impose sentence, but that he does not know of his own personal knowledge whether sentence was imposed."

Also attached to the motion is the certificate of the sheriff of the county who says "to the best of my knowledge Judge Pickens did not sentence Luke Cornutt in district court." There is also attached the affidavits of appellant and his wife, also those of W. J. Skaggs and W. A. Powers, sureties on appellant's recognizance; also the affidavits of Tom Lawson, Tom L. Shelton, C. E. Goold, Mrs. C. E. Goold, and John Beverly. The affidadvits of the nine last designated parties state that they were in the court room when appellant was brought in to have his motion for new trial acted on and that they remained there until he was released on recognizance and that no sentence was ever passed upon him. The only controverting affidavit is filed by the trial judge stating that he is positive that he did pronounce sentence on appellant and has a distinct personal recollection thereof. He states facts which came to his knowledge regarding one of the sureties on appellant's recognizance which would doubtless impress him regarding the recognizance, but which are not especially pertinent on the issue of passing sentence.

It is always embarrassing for this court to be called upon to determine a matter such as is here presented. We are quite certain that whatever disagreement has arisen as to the sentence resulted from an honest difference in recollection as to the transaction. The great number of affidavits supporting the claim that no sentence was pronounced against appellant raises such serious doubt about the matter that we feel it should be resolved in favor of appellant's contention. Appellant may be sentenced under the provisions of Art. 772, C. C. P., upon the return of the mandate from this court.

The motion for rehearing is granted, the opinion of affirmance is set aside and the appeal is ordered dismissed.

*Granted.*