**James M. LASSITER and Jonathan Lawrence Berg, Appellants,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–038–CR.**

Court of Appeals of Texas, Corpus Christi.

June 7, 1984.

Carl E. Lewis, Tinker, Tor & Brown, Corpus Christi, for appellants.

Richard Hatch, County Atty., Sinton, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

Appellants seek to appeal from orders deferring adjudication and placing them on probation for six months. Both appellants were charged with possessing less than two ounces of marihuana.

■ As noted in *McDougal v. State,* 610 S.W.2d 509 (Tex.Crim.App.1981), there is no appellate review from an order deferring adjudication. If the accused is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication under Art. 42.12 or 42.13 of the Code of Criminal Procedure.

■ Appellant argued during submission that he should be allowed an appeal under

TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon Supp.1984). We disagree. Art. 44.02 allows a defendant to appeal his guilty-plea *conviction* under certain limited circumstances. Where adjudication is deferred as in this case, there has been no conviction. *Ex parte Shillings,* 641 S.W.2d 538 (Tex.Crim.App.1982). Thus, art. 44.02 is inapplicable.

Without a final adjudication of guilt, this Court lacks jurisdiction to consider the appeal. The appeal is accordingly dismissed.