**Elbert E. HOMAN, Applicant**

v.

**Jon HUGHES, Dist. Judge, Respondent.**

**No. 69556.**

Court of Criminal Appeals of Texas,
En Banc.

April 23, 1986.

James M. Leitner, Houston, for applicant.

Ted Doebbler, Houston, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Applicant seeks to invoke this Court's original jurisdiction to issue writs of mandamus and certiorari pursuant to Article 5, Sec. 5 of the Texas Constitution and Article 4.04, V.A.C.C.P.

Applicant is presently serving a life sentence at the Texas Department of Corrections for the offense of aggravated robbery. Applicant contends that respondent entered a "Probation Order and Deferred Adjudication of Guilt Nunc Pro Tunc" judgment improperly in that respondent did so ex parte, without allowing petitioner an opportunity to be heard. The procedural facts are as follow.

Applicant was charged with aggravated robbery alleged to have been committed on August 5, 1983. On September 23, 1983, a hearing was held before visiting Judge Don Humble of Milam County. The trial court asked the State's attorney whether it moved to reduce the charge to robbery, and the State's attorney responded that it did not. The trial court ascertained that applicant was charged with aggravated robbery, and asked applicant for his plea. Applicant voluntarily pled guilty to the offense of aggravated robbery. The record also reflects that applicant was represented by counsel, waived his right to a jury trial, and was fully admonished as to the punishment possible and that the court was not bound by any recommendation by the State. Applicant signed a judicial confession admitting commission of the offense of aggravated robbery, and was subsequently found guilty. The trial court deferred adjudication and placed applicant on supervised probation for a period of ten years. The "Probation Order and Deferment of Adjudication of Guilt," filled out by the court clerk, as verified by her affidavit, stated that the offense was "aggravated robbery, but

upon motion of the State, the offense was reduced to robbery, the defendant on trial for robbery."

On July 26, 1984, the State filed a motion to adjudicate guilt; an amended motion to adjudicate was filed on October 29, 1984. Both motions referred to the offense for which applicant's guilt was deferred as *aggravated* robbery.

On April 25, 1985, respondent entered an "Entry of Probation Order and Deferment of Adjudication of Guilt Nunc Pro Tunc" stating that it had been brought to the attention of the court that the original deferred adjudication order had represented the offense to be "robbery" when the actual offense for which applicant's guilt was deferred was "aggravated robbery." The nunc pro tunc order contained the following statement by the trial court:

"The State has filed a motion to Correct the Probation Order and Deferment of Adjudication of Guilt Nunc Pro Tunc. The court having a recollection of said Order and being satisfied from its recollection and from the evidence that the statements on said State's motion concerning said Order as hereinafter set out are true, is of the opinion that said motion of the State should be granted."

The order was then changed to reflect that applicant was placed on deferred adjudication for the offense of "aggravated robbery."

Applicant also filed a "MOTION TO SET ASIDE JUDGMENT [sic] NUNC PRO TUNC", which was overruled by the court on May 10, 1985. The court proceeded with an adjudication hearing, and revoked applicant's deferred adjudication that same day. Applicant was subsequently found guilty of aggravated robbery and sentenced to life imprisonment in the Texas Department of Corrections.

On May 23, 1985, applicant filed a written notice of appeal and affidavit of indigency. Anticipating the argument that the Texas Code of Criminal Procedure forbade an appeal after the hearing to adjudicate guilt, appellant in his notice of appeal specifically stated that applicant wanted only

to appeal on grounds concerning the nunc pro tunc order and not the adjudication of guilt. Specifically, the notice of appeal stated:

"The Defendant realizes that Art. 42.12 Sec. 3d(b) does not permit the appeal of the adjudication hearing, but it is not the adjudication hearing that the. Defendant wishes. to appeal. The Defendant wishes to appeal the fact that there was a Nunc Pro Tunc order entered, to his detriment, without a hearing in violation of the due process clause. . . ."

On May 24, 1985, the trial court entered an order denying applicant's request for appeal, because:

"The Court finds that the Defendant is indigent, but that is of no consequence at this time because the Court further finds that Art. 42.12 Sec. 3d(b) bars the Defendant from appealing any issue to the Court of Appeals on direct appeal."

Applicant contends that the trial court erred in entering the nunc pro tunc order without affording him an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law, citing *Shaw v. State,* 539 S.W.2d 887 (Tex.Cr.App.1976). Therefore, the trial court should not have overruled his request to appeal the entry of the nunc pro tunc order. Applicant requests by application for writ of mandamus, that the trial court be ordered to withdraw its denial of his request to appeal the entry of the nunc pro tunc order.

■ Since applicant entered a judicial confession and pled guilty to the offense, the trial court was correct in concluding that applicant had no right to appeal *the court's determination to proceed with an adjudication of guilt* on the original charge, pursuant to the provisions in Art. 42.12, Sec. 3d(b), V.A.C.C.P. See also *Contreras v. State,* 645 S.W.2d 298 (Tex. Cr.App.1983); *Richardson v. State,* 617 S.W.2d 267 (Tex.Cr.App.1981); *Daniels v. State,* 615 S.W.2d 771 (Tex.Cr.App.1981); *Joseph v. State,* 614 S.W.2d 164 (Tex.Cr. App.1981); *Wright v. State,* 592 S.W.2d

604 (Tex.Cr.App.1980). Thus, had applicant sought to appeal the *adjudication* of guilt, the trial court would have been authorized to overrule applicant's request.

■ Applicant did not seek to appeal the adjudication of guilt, however. We think it apparent from the record that he sought to appeal his case urging the ground of error that concerned the trial court's entry of the nunc pro tunc order. Nothing in Art. 42.-12, supra, prohibits appeal of matters unrelated to the determination of guilt after a deferred adjudication. In fact, a plain reading of the germane section indicates just the opposite.[1] If there is a prohibition against appealing a conviction that is in the posture of the present case, it must arise from some other source such as Art. 44.02, V.A.C.C.P., or the rule in *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972). No such source bars appeal in the case at hand, thus the trial court did not have the authority to "refuse" applicant's request to appeal.

■ We must now determine whether applicant is entitled to a writ of mandamus. This Court has jurisdiction to issue writs of mandamus under Tex. Const. Art. V, Sec. 5, and Art. 4.04, Sec. 1, V.A.C.C.P. A writ of mandamus may be granted in order to set aside an unauthorized order entered by a trial court. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896 (Tex.Cr.App.1984); *Ex parte Gray*, 649 S.W.2d 640 (Tex.Cr.App. 1983), at 642, citing *State ex rel. Vance v. Hatten*, 600 S.W.2d 828 (Tex.Cr.App.1980); *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978); *State ex rel. Pettit v. Thurmond*, 516 S.W.2d 119 (Tex.Cr.App. 1974); and *State ex rel. Vance v. Clawson*, 465 S.W.2d 164 (Tex.Cr.App.1971). See also *State ex rel. Wilson v. Harris*, 555 S.W.2d 470 (Tex.Cr.App.1977). We may also issue writs of mandamus in order to protect our jurisdiction. *Clawson*, supra.

■ In the case before us, the trial court did not have the authority to prohibit applicant from appealing, as a ground of error, the court's entry of a nunc pro tunc order. As previously stated, Art. 42.12, supra, prohibits appeal of the determination to adjudicate guilt; however, appeal on other matters is not proscribed. Thus, a writ of mandamus may lie in order to compel the trial court to vacate the improper order refusing applicant permission to appeal.

A party may obtain a writ of mandamus if he can establish two requirements: that the act sought to be compelled is purely ministerial, and that he has no other adequate remedy at law available. *Holmes*, supra at 899, citing *Tex. Bd. of Pardons and Paroles v. Miller*, 590 S.W.2d 142 (Tex.Cr.App.1979); *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980); and *Routt*, supra. See also *Thurmond*, supra and cases cited therein at 121.

In the case before us, since the trial court did not have the authority under law to refuse applicant "permission" to appeal the entry of the nunc pro tunc order, vacation of that order would be strictly ministerial in nature. See *Harris*, supra (requiring trial court to vacate an order requiring defendant to be released from jail eight hours daily for the purpose of working at a club held to be ministerial); *Thurmond*, supra (requiring trial court to vacate defendant's sentence as misdemeanant when defendant could only be sentenced as a felon held to be ministerial); *Clawson*, supra (requiring trial court to vacate order granting defendant "good time" credit held to be ministerial).

■ Moreover, on the facts of this case, applicant has no other remedy at law.

---

1. Art. 42.12, Sec. 3d(b) states:
   "On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and *the defendant's appeal* continue as if the adjudication of guilt had not been deferred." (emphasis added).

Since the trial court refused applicant "permission" to appeal, applicant was prevented from following the steps necessary to perfect his appeal under Art. 40.09, V.A.C.C.P. Since appellant's sentence was pronounced on May 10, 1985, the Art. 40.09(3) and Art. 40.11 time limits for the court reporter to prepare the statement of facts has passed. Indeed, although there is no time limit imposed upon the clerk to prepare the transcript, under 40.09(1), we accept the fact that no transcript has been prepared; nor is one likely forthcoming as long as the trial judge's ruling remains in effect. Thus the record has not been approved and no time limits for the preparation of briefs have commenced. Nevertheless, the appeal has been *perfected* by the giving of notice of appeal in a situation where appeal is allowed. Art. 44.08(a) and Art. 44.02.[2] No trial judge's void order denying "permission" to appeal or "refusing" to allow an appeal can divest the appellate courts of their appellate jurisdiction once invoked by such a lawful giving of notice of appeal.

At this juncture it is appropriate to differentiate this type of case from others where the trial court has lost jurisdiction. Where, as here, appeal has been perfected, the trial court retains jurisdiction to supplement and approve the record, etc., for forwarding to the appropriate appellate court. See generally Chapters Forty and Forty-Four, V.A.C.C.P. Only when the record is filed in the appellate court are further proceedings in the trial court suspended. Art. 44.11. Contrast this situation with cases where the trial court loses jurisdiction and then later attempts to effectuate a return of that jurisdiction: i.e., *Garcia v. Dial*, supra, and *Holmes*, supra. In *Garcia v. Dial*, supra, the defendant sought a writ of mandamus directing the respondent to set aside an order reinstating a criminal case on the court's docket. The case had previously been dismissed by the respondent on the basis that the State had not met the provisions of the Speedy Trial Act, Art.

32A.02, V.A.C.C.P. We held that once respondent dismissed the case, it lost jurisdiction entirely, and had no authority to reinstate the case at a later date. We also held that a writ of mandamus directing the respondent to dismiss the reinstated case was appropriate.

In *Holmes*, supra, the District Attorney of Harris County, as applicant, sought a writ of mandamus in order to compel a trial court judge, as respondent, to set aside a pre-trial order dismissing several indictments with prejudice. We stated:

> "Since respondent has lost any jurisdiction over ... [the cases], and since the only manner in which respondent might re-obtain jurisdiction of these cases would be the return of grand jury indictments into respondent's court, we hold that there is nothing to mandamus, ergo mandamus does not lie."

*Id.* at 899.

In the preceding two cases, the trial courts lost all jurisdiction over the cases involved when the indictments were dismissed. This loss of jurisdiction encompassed the authority to have the cases reinstated in *Garcia v. Dial*, supra, and the authority to vacate an order dismissing the cases with prejudice in *Holmes*, supra. Thus, we could not order the respondent-trial courts to take action on cases which no longer existed.

The situation in the preceding two cases which affected our ability to require the trial courts to act is not present in the instant case. Since applicant's case was never dismissed, there is still a case upon which respondent may act. We may therefore order respondent to vacate the improper order prohibiting applicant from appealing the entry of the nunc pro tunc order.

■ Applicant is entitled to relief with regard to the request for writ of mandamus to compel the trial court to vacate the

2. See also Texas Rules of Appellate Procedure, Rule 30(b), wherein an appeal is perfected upon giving notice of appeal.

improper order.[3] Applicant's timely notice of appeal, filed on May 23, 1985, was sufficient to confer jurisdiction upon the Court of Appeals. See Art. 44.08, V.A.C.C.P., and *Penn v. State*, 632 S.W.2d 881 (Tex. App.—Houston [14th], 1982). We note, however, that even if petitioner prevailed on appeal the trial court's actions would, we can say with certainty, remain unchanged.[4] We therefore will deny relief.

Such a decision flows from the premise that the law does not compel us to require courts to perform useless tasks. See *Basaldua v. State*, 558 S.W.2d 2 (Tex.Cr.App. 1977), and cases cited therein at p. 5; *Allen v. State*, 552 S.W.2d 843 (Tex.Cr.App.1977); and *Henderson v. State*, 552 S.W.2d 464 (Tex.Cr.App.1977). Based upon the facts of this case, the trial court did not err, except in the "ex parte" nature of his action, in correcting the original order deferring adjudication of guilt to reflect the proper offense for which applicant's guilt was deferred. Thus, a hearing on the merits of the trial court's action, even if ordered by an appellate court, would serve no purpose. Stated differently, even if applicant was successful in appealing his conviction on the ground that the trial judge erroneously entered the "ex parte" nunc

---

3. The dissent would prefer that this case be handled under Art. 11.07, V.A.C.C.P. That would require of course that applicant's conviction be final. Since his notice of appeal was given in open court, the conviction is of course still on appeal and certainly not final in spite of the trial judge's "ruling". As stated in *Newsom v. State*, 136 Tex.Cr.R. 114, 123 S.W.2d 887, 889 (1938).

> "There are no further formalities necessary in order to cause an appeal in any criminal case other than to give notice of appeal in open court; and the failure of any officer to perform his plain duty cannot deprive a person convicted of crime of his legal right to have this court review the proceedings in his case."

As to the dissent's contention that we should defer to the Court of Appeals, the majority feels that a holding such as this should appropriately come from this Court and have statewide impact.

4. The trial judge in his response to this Court contends that the entry of the nunc pro tunc order was appropriate. The records containing the plea papers all show that applicant pled guilty to aggravated robbery: the plea was to aggravated robbery, the terms and conditions of probation show the offense as aggravated robbery, and applicant's application for probation shows aggravated robbery. Respondent continues:

> "However, for some reason, the clerk entered on the docket and drew a judgment contrary to all these findings.
> It became obvious when the motion to adjudicate was filed that there had been an error on the docket sheet and on the judgment. When this was called to my attention, I then inspected all of the above items [plea papers] and concluded that a Nunc Pro Tunc Order should be entered.
> A Nunc Pro Tunc Order was entered and a hearing held on the motion to adjudicate. The defendant, Mr. Homan, was given life and a $20,000 fine. Neither Mr. Homan nor his counsel were present at the time the Nunc Pro Tunc Order was entered.
> It was clear in my mind at that time that there were no defensible issues that could be raised. ...."

Also contained in the trial judge's response is an affidavit given by the Deputy District Clerk assigned to respondent's court. In the affidavit, the witness states that she was working in her capacity as clerk on the date applicant entered his plea, and was present in the courtroom. She continues:

> "The defendant, Mr. Homan, pled guilty to the offense of aggravated robbery. The Court withheld a finding of guilt and placed the defendant on 10 years deferred adjudication. The defendant signed his plea papers, Motion for Probation and Terms and Conditions of Probation reflecting his plea was to aggravated robbery.
> For some reason, when I prepared the judgment and sentence in this case, I incorrectly showed the defendant pled to a reduced charge of robbery. At some later date, the defendant was charged with the offense of capital murder and filed on in another court. Subsequently, I discovered the mistake and promptly brought this error to the attention of Judge Jon Hughes."

An affidavit was also filed by applicant's counsel, who states:

> "The defendant pled guilty to the charge of aggravated robbery without a recommendation or agreement from the State. He was given 10 years deferred adjudication.
> The plea was entered to the charge of aggravated robbery not robbery, as the State was unable to offer probation or deferred adjudication for an aggravated offense. The only manner in which I could secure Mr. Homan's release from incarceration was by a plea without a recommendation to the Court. The State did not move to reduce the offense, and the Court did not do so on its on [sic] motion."

pro tunc order, the outcome would not change since the trial court in all other ways properly changed the order. Since holding a hearing would be a "useless task," we will not mandate an appeal whose sole ground of error[5] and relief sought would result only in a remand of the case to the trial court for a hearing on the propriety of the entry of the order nunc pro tunc.

Relief is therefore denied.

TEAGUE, J., concurs to the granting of the writ, but dissents to this Court prematurely deciding the merits of the appellant's appeal.

W.C. DAVIS, J., not participating.

ONION, Presiding Judge, dissenting.

I dissent to the handling of this entire matter. The Court of Criminal Appeals, essentially an appellate court, should use restraint in exercising its original jurisdiction. No question but what this Court may issue writs of mandamus regarding criminal law matters and to enforce its own jurisdiction. Article V, § 5, Texas Constitution; Article 4.04, V.A.C.C.P.; *Broggi v. Curry*, 571 S.W.2d 940 (Tex.Cr.App.1978). However, traditional rules govern the issuance of any writ of mandamus.[1] Mandamus is an extraordinary writ and is never to be granted unless applicant (relator) proves a clear right to the writ. Tex.Jur. 3rd, Vol. 38, Extraordinary Writs, § 115, p. 241. The writ will not lie to compel an official to perform some act unless its performance is clearly imposed on him by law. *Washington v. McSpadden*, 676 S.W.2d 420, 422 (Tex.Cr.App.1984). As an extraordinary writ, mandamus is not normally available where there are other adequate remedies, and will not lie even where authority exists if the duty is clearly discretionary. *Bradley v. Miller*, 458 S.W.2d 673 (Tex.Cr.App.1970); Tex.Jur.3rd, Vol. 38, Extraordinary Writs, § 126, p. 257. "Ordi-

narily mandamus must be relator's last resort and will be refused if there is another remedy which is effective and complete." Tex.Jur.3rd, Extraordinary Writ, § 126, p. 258. Mandamus is not a substitute for, and cannot be used to perform the office of an appeal. *Bradley v. Miller*, supra; Tex. Jur.3rd, Extraordinary Writs, § 128, p. 60.

Further, it has been stated that:

"A writ of mandamus will not issue if for any reasons it would be useless or unavailing, or if the question has become moot. Nor will the courts exercise their discretion to award the writ for the mere purpose of determining an empty and barren technical right...." Tex.Jur.3rd, Extraordinary Writs, § 121, p. 250–251.

In the instant proceedings the applicant (relator) seeks to invoke the original jurisdiction of this Court to issue a writ of mandamus in order to obtain an out-of-time appeal. It appears applicant is confined in the Department of Corrections under judgment and sentence in Cause No. 386076 from the 174th District Court of Harris County for aggravated robbery. He claims he was deprived of his appeal by respondent district judge, not of his aggravated robbery conviction, but appeal only from the entry of a nunc pro tunc order of probation and deferment of adjudication of guilt.

If applicant was deprived of a lawful right of appeal under Texas statutes for one reason or another he has an adequate remedy under the post-conviction habeas corpus procedure provided by Article 11.07, V.A.C.C.P. The law books are full of cases where out-of-time appeals have been accorded under Article 11.07, supra. Under that procedure an evidentiary hearing may fully develop all of applicant's allegations to determine the right of appeal on the limited matter sought by appellant to be

---

**5.** We take applicant at his word that this is his sole ground of error since he has consistently maintained such throughout these proceedings.

**1.** A writ of mandamus is an order from a court of competent jurisdiction requiring a person, ordinarily a public official, or an inferior court to perform a duty required by law. See Tex. Jur.2d, Extraordinary Writs, § 114, p. 238.

reviewed.[2] Applicant has an adequate remedy. Thus mandamus will not lie. For this reason alone I would deny the motion for leave to file the application for writ of mandamus.

Even if it can be argued that mandamus does lie, this Court should not invoke its original jurisdiction. The appeal, if proper, was to the Court of Appeals. The Court of Appeals has authority to issue writs of mandamus in criminal cases. Article V, § 6, Tex.Const.; V.T.C.A., Government Code, § 22.221; *Wolff v. Thornton,* 670 S.W.2d 764, 765 (Tex.App.—Houston [1st Dist.] 1984); *State v. Westergren,* 707 S.W.2d 260 (Tex.App.—Corpus Christi 1986). The application should have been filed in the Court of Appeals, not here.

Since the majority insists on considering these proceedings, then a brief review of record before this Court is in order. Applicant alleges that the original order of probation and deferment of adjudication of guilt had reflected the alleged offense of aggravated robbery had been reduced to robbery and that it was for the offense for which his adjudication of guilt was deferred and for which he was placed on probation for 10 years. He contends that the State's motion and amended motion to proceed to adjudication of guilt[3] erroneously refers to the offense as "aggravated robbery," and his motion to quash said revocation motions and his plea of double jeopardy were overruled, and that subsequently the court, without notice to him and without a hearing, entered a nunc pro tunc order of probation and deferment of adjudication of guilt to reflect that applicant had entered his guilty plea to aggravated robbery and that he was on "probation" for that offense rather than robbery. He further alleges that the court overruled his motion to set aside the nunc pro tunc order, and proceeded with a revocation hearing at which the court set aside the deferred adjudication and adjudged him guilty of aggravated robbery and assessed life imprisonment and a $10,000 fine.[4] Thereafter he alleges his motion for new trial was overruled. Applicant then points out that he timely gave written notice of appeal, expressly stating the desire to appeal only the entry of the nunc pro tunc order entered without notice or a hearing. The notice of appeal also expressly stated applicant realized that Article 42.12, § 3d(b), V.A.C.C.P., did not permit the appeal of the adjudication hearing. The notice of appeal further contained an allegation of indigency and requested an attorney on appeal and "a free transcription of the court reporter's notes as those notes would apply to the nunc pro tunc order." No notice of appeal from the conviction itself was given.[5] The

2. In the proceedings now before this Court we have applicant's application, affidavits, various exhibits and the respondent's answer, affidavits and transcription of the court reporter's notes on the plea of guilty. We do not have a copy of a former judgment or sentence.

3. These motions alleged, inter alia, that while on "probation" applicant had committed the offense of murder while in the course of robbery. It appears applicant is now also confined in the Texas Department of Corrections on a murder charge.

4. At the time of the assessment of punishment (May 10, 1985), the $10,000 fine was an unauthorized penalty. *Bogany v. State,* 661 S.W.2d 957 (Tex.Cr.App.1983).

Article 37.10, V.A.C.C.P., has now been amended (Acts 1985, 69th Leg., p. 3009, ch. 442, eff. June 11, 1985). It now appears the judgment can be reformed by applying the statutory amendment retroactively. *Ex parte Johnson,*

697 S.W.2d 605 (Tex.Cr.App.1985), to which this writer, and Judges Clinton and Teague dissented. The matter of reformation has not been raised by the pleadings before this Court.

5. The notice of appeal given states:

"NOTICE OF APPEAL AND AFFIDAVIT OF INDIGENCY

"TO THE HONORABLE JUDGE OF SAID COURT:

"Comes now, Elbert Ervin Homan, Defendant in the above etitled (sic) and numbered cause and subsequent to the Court's overruling of the Motion for New Trial in this cause all of which occurred in open Court on May 10, 1985, files this his Notice of Appeal to the Court of Appeals sitting in Houston, Texas. The Defendant realizes that Art. 42.12 Sec. 3d(b) does not permit the appeal of the adjudication hearing but it is not the adjudication hearing that the Defendant wishes to appeal. The Defendant wishes to appeal the fact that there was a Nunc Pro Tunc order entered, to his detriment, without a hear-

court then found Article 42.12 § 3d(b), supra, barred the appeal and denied the same.[6]

After consideration of applicant's pleadings, this Court asked the respondent, Judge Hughes, to respond. He did by forwarding the transcription of the court reporter's notes which reflect that the State had refused to reduce the charge to robbery, and that applicant clearly entered a plea of guilty to aggravated robbery as charged in the indictment. This is supported by affidavit of applicant's trial counsel at the time of the guilty plea. Also included in the response is the affidavit of the court clerk, who admitted that as a result of a clerical error she had erroneously written into the probation order that the offense had been reduced to robbery. Included as well by Judge Hughes were other documents, docket sheets, etc., all showing the guilty plea was to aggravated robbery, not robbery.

There is no federal constitutional right to state appellate review of state criminal convictions. *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed.2d 867 (1894); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct.

585, 100 L.Ed. 891 (1956); *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), reh. den. 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790, and on remand, 512 F.2d 1061 (5th Cir.1975); *Jones v. State*, 630 S.W.2d 353 (Tex.Cr.App.1982). The United States Supreme Court has never held that states are constitutionally required to provide a right to appellate review. *Griffin v. Illinois*, supra; *Miracle v. Estelle*, 592 F.2d 1269 (5th Cir.1979).

It is, of course, a fundamental principle of due process and equal protection that once avenues of appellate review are established, they must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. *Griffin v. Illinois*, supra; *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); *Rinaldi v. Yeager*, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Miracle v. Estelle*, supra.

The Texas Constitution does not refer directly to the right of a defendant to ap-

---

ing in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Art. 1, Section 19 of the Texas Constitution, and further in violation of the Court of Criminal Appeals ruling in *Shaw v. State*, 539 S.W.2d 887 (Cr.App.1976).

"Defendant would further show that he has been incarcerated since October 18, 1984, and was adjudged to be indigent by both this Court and the Judge of the 180th District Court of Harris County, Texas, shortly thereafter. The Defendant would show that his financial status has not improved during his period of incarceration and that he is still too poor to afford a lawyer on appeal, and he is too poor to pay for a true transcription of the Court Reporters notes in this matter. The defendant would therefore request that he be given the opportunity to appeal and that he be afforded an attorney to assist him and that he be provided a free transcription of the Court Reporters notes as those notes would apply to the Nunc Pro Tunc order.

" 'I, Elbert Ervin Homan, have read the above motion and I hereby swear that all the allegations of fact contained therein are true and correct.'

"/s/ Elbert Homan
"Elbert Ervin Homan, Defendant"

**6.** The court's order reflects:

"ORDER

"Came to be heard the Defendant's Notice of Appeal and affidavit of indegency (sic) filed this date, and after due consideration of the same the Court finds:

"1. The Defendant was sentenced on May 10, 1985, after a hearing on the States Motion to Adjudicate was held in open Court.

"2. The Defendant then filed Motion for New Trial. The Court immediately considered the Motion at the Defendant's request, and the same was overruled by this Court on May 10, 1985.

"3. The Court finds that the Defendant is indigent, but that is of no consequence at this time because the Court further finds that Art. 42.12 Sec. 3d(b) bars the Defendant from appealing any issue to the Court of Appeals on direct appeal.

"IT IS THEREFORE ORDERED, that the Defendant's request for appeal is denied, and that the Defendant be remanded to the Sheriff of Harris County, Texas to carry out the provisions of the Sentence in this cause.

"/s/ Jon N. Hughes
"JUDGE PRESIDING

"ENTERED IN VOL. 30 PAGE 484 OF THE General "MINUTES OF THE 174th DISTRICT COURT THIS 24th "DAY OF May A.D., 1985"

peal a criminal conviction.[7] It does provide that the appellate jurisdiction of the Court of Criminal Appeals and the Courts of Appeals is subject to such exceptions and such regulations as provided in the Constitution or as prescribed by law. See Article I, §§ 5 and 6, Tex.Const.; 21 Tex.Jur.3rd, Crim.Law,· § 1606, p. 403.

As can be seen, the Legislature can make such exceptions and regulations regarding the appellate jurisdiction of the Court of Criminal Appeals and the Court of Appeals as it desires. See and cf. *Armes v. State*, 573 S.W.2d 7 (Tex.Cr.App.1978); *Ex parte Spring*, 586 S.W.2d 482 (Tex.Cr.App.1978); *Ex parte Firmin*, 60 Tex.Cr.R. 222, 131 S.W. 1116 (1910).

Thus, generally speaking, "Appeals are within the control of the Legislature, and an appeal is a privilege, dependent on statute." 21 Tex.Jur.3rd, Crim.Law, § 106, p. 403; *Powell v. State*, 99 Tex.Cr.R. 276, 269 S.W. 443 (1925). The only right of a defendant to appeal in a criminal case is a statutory right. See generally Article 44.-02, V.A.C.C.P.; *Ex parte Bennett*, 85 Tex. Cr.R. 315, 211 S.W. 934 (1919); *Powell v. State*, supra; Ex parte Minor, 27 S.W.2d 805 (Tex.Cr.App.1930); *Ex parte McKenzie*, 29 S.W.2d 771 (Tex.Cr.App.1930); *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315 (1951); *Ex parte Paprskar*, 573 S.W.2d 525 (Tex.Cr.App.1978); *Ex parte Spring*, 586 S.W.2d 482 (Tex.Cr.App.1978).

"In the exercise of its powers, the Legislature may impose proper restrictions on the right of appeal, prescribe regulations in regard to appellate jurisdiction, and promulgate rules to be observed in prosecuting an appeal." 21 Tex.Jur.3rd, Crim.Law, § 1606, p. 404; *De Silva v. State*, 267 S.W. 271 (Tex.Cr.App.1925).

It has been said that in absence of constitutional inhibition, *the Legislature may prescribe the cases in which parties shall be entitled to bring a cause for review, prescribe courts to which causes shall be brought, and impose such restrictions as the Legislature may see fit, even when federal rights or questions are involved. Millican v. State*, 145 Tex.Cr.R. 195, 167 S.W.2d 188 (1943).[8]

Appeals are normally limited to a person convicted of offenses and those denied release under writ of habeas corpus. *De Silva v. State*, 98 Tex.Cr.R. 499, 267 S.W. 271 (1924). It has been said that without a sentence or a final judgment of conviction in a criminal case, the Court of Criminal Appeals is without jurisdiction to entertain an appeal. *Bratt v. State*, 422 S.W.2d 453 (Tex.Cr.App.1968); *Thompkins v. State*, 87 Tex.Cr.R. 502, 222 S.W. 1103 (1920); *Cornutt v. State*, 117 Tex.Cr.R. 160, 38 S.W.2d 91 (1931); Article V, § 5, Vernon's Anno. Tex.Const., Note 6, and cases there cited; Article 44.02, V.A.C.C.P., note 30. Generally the Court of Criminal Appeals will not review, before trial, conviction and an appeal, any ruling of the trial court. *Ex parte Conner*, 439 S.W.2d 350 (Tex.Cr. App.1969); *Ex parte Fertitta*, 167 Tex. Cr.R. 483, 320 S.W.2d 839 (1959). Interlocutory appeals are not permitted. *Scott v. State*, 158 Tex.Cr.R. 69, 253 S.W.2d 275 (1953); *Ex parte Jones*, 449 S.W.2d 59 (Tex.Cr.App.1970); *Williams v. State*, 464 S.W.2d 842 (Tex.Cr.App.1971).

With this background it is noted that Article 42.12, § 3d(b), V.A.C.C.P., provides for a deferred adjudication procedure where the defendant enters a plea of guilty or nolo contendere before the court. However, where the court had deferred adjudi-

**7.** Article I, § 11a, Tex.Const., provides for right of appeals to the Court of Criminal Appeals for review of any judgment or order denying bail under the provisions thereof. This, however, is limited to questions of bail and does not address appeals from criminal convictions.

**8.** A few examples of restrictions on the statutory right of appeal come to mind. Under Article 44.02, V.A.C.C.P., where a defendant has been convicted upon his plea of guilty or nolo conten-

dere before the court and his punishment has been assessed in accordance with a plea bargain a defendant may not appeal unless with permission of the trial court "except on those matters which have been raised by written motion filed prior to trial." There is no appellate review of an order deferring adjudication of guilt and placing a defendant on probation. *McDougal v. State*, 610 S.W.2d 509 (Tex.Cr.App.1981).

cation of guilt and placed the defendant on "probation" the defendant, upon written motion within 30 days after plea and deferment of adjudication may request final adjudication and the court shall then proceed to final adjudication of guilt as in all other cases.

There is no appellate review from an order deferring adjudication of guilt. If the accused is dissatisfied with such decision, his proper remedy is to move for final adjudication under § 3d(a), supra. *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App. 1981); *Richardson v. State,* 617 S.W.2d 267 (Tex.Cr.App.1981); *Lassiter v. State,* 672 S.W.2d 632 (Tex.App.—Corpus Christi 1984).

Section 3d(b) of Article 42.12 provides for revocation. It states:

"On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." (Emphasis added.)

It is clear then that no appeal may be taken from a hearing in which the trial court revokes probation and determines to proceed with an adjudication of guilt under said § 3d(b), supra. *Russell v. State,* 702 S.W.2d 617, 618 (Tex.Cr.App.1985); *Contreras v. State,* 645 S.W.2d 298 (Tex.Cr.App. 1983); *Richardson v. State,* 617 S.W.2d 267 (Tex.Cr.App.1981); *Daniels v. State,* 615 S.W.2d 771 (Tex.Cr.App.1981); *Joseph v. State,* 614 S.W.2d 164 (Tex.Cr.App.1981); *Wright v. State,* 592 S.W.2d 604 (Tex.Cr. App.1980).

Thus under the deferred adjudication procedure, if a defendant is unhappy with being granted deferred adjudication by the court he may move timely for final adjudication under Article 42.12, § 3d(a), supra. If he does not, there is no appeal from the order deferring adjudication and granting "probation." McDouglas v. State, supra. He is stuck with the court's leniency. If the court later revokes "probation" and proceeds to a determination of guilt, there is no appeal therefrom. Under the statutory scheme there is no appeal from the deferred adjudication procedure at all, including orders entered in connection with such procedure.

The applicant did not attempt to appeal the revocation proceedings and the adjudication of guilt. He did give notice of appeal only from the nunc pro tunc order entered after the State had moved to set aside the deferred adjudication and prior to the revocation hearing itself. May the entry of a nunc pro tunc order deferring adjudication of guilt and granting probation, alone, being part and parcel of the deferred adjudication procedure, be appealed? If the original order cannot be appealed, how can the nunc pro tunc order be appealed? The simple answer is that it could not. Judge Hughes acted within his authority to deny the appeal of the nunc pro tunc order.

Section 3d(b), supra, does provide that after adjudication of guilt all proceedings including "the defendant's appeal continue *as if the adjudication of guilt had not been deferred.*" (Emphasis added.) The statute is clear that the right of appeal exists as if the deferred adjudication had never been utilized. The normal rules of appeal are then applicable. See Article 44.-02, V.A.C.C.P. Here applicant did not appeal from the conviction, but only from the entry of the nunc pro tunc order during the deferred adjudication proceedings. Unless applicant's expressly limited notice of appeal can be interpreted as an appeal from the aggravated robbery conviction, proper notice of appeal was not given. Recognizing the weakness of its position, the majority says the notice of appeal was from the conviction with the applicant advancing his sole ground of error in his notice of appeal rather than in an appellate brief. Under

any circumstances, however, mandamus is not the proper remedy.

Nevertheless, the majority decides that mandamus lies, and that applicant gave a valid notice of appeal from the conviction. It concludes the trial judge erred in denying appeal and should be compelled to vacate his order denying appeal. But alas, instead of the issuance of the writ of mandamus which would give applicant his right of appeal to the Court of Appeals and the opportunity to raise as many grounds of error as he desires in his appellate brief, the majority decides to dispose of the appeal itself in this mandamus proceeding. Thus from what record there is before this court, sans a judgment and sentence, the applicant is accorded his appeal on the sole ground of error raised in his notice of appeal. Still without recognizing that the order in question was not appealable, the majority concludes in a declaratory judgment that under the circumstance the respondent (Judge Hughes) did the right thing in correcting the obvious clerical error and entering the nunc pro tunc order, though the ex parte nature of such action was improper. Thus the applicant is entitled to a writ of mandamus, but it will not issue as this Court has solved all matters pending. The message is clear. Bring your mandamus action to this Court and all your laundering will be free. One word of advice, read this sign, "Caution: undisciplined judiciary at work."

