NO. 07-05-0337-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 9, 2006

_____

IN THE MATTER OF D.L.C.

_____

FROM THE COUNTY COURT OF SWISHER COUNTY;

NO. 387; HONORABLE HAROLD KEETER, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, D.L.C., a juvenile, appeals from an order of adjudication and disposition finding that he had engaged in delinquent conduct and committing him to the Texas Youth Commission. D.L.C.'s appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. We grant counsel's motion to withdraw and affirm.

D.L.C. was charged with engaging in delinquent conduct based on his unauthorized use of his mother's motor vehicle. D.L.C. pled true to the charge and waived his right to a jury trial. The trial court accepted D.L.C.'s plea and found that he had engaged in delinquent conduct. After holding a disposition hearing, the trial court committed D.L.C.

to the Texas Youth Commission for an indeterminate sentence not to exceed his 21st birthday.

D.L.C.'s counsel has filed a motion to withdraw and a brief in support thereof which states that counsel has carefully reviewed the record and listened to the recording of the hearing[1] and is of the opinion that the record reflects no reversible error upon which an appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.[2]

Counsel has attached an exhibit showing that a copy of the Anders brief and motion to withdraw have been forwarded to D.L.C. and his parent appropriately advising them of

---

[1] While appellate counsel failed to ensure that a certified copy of the recording of the hearing was made a part of the appellate record, this court, pursuant to Texas Rule of Appellate Procedure 34.5(c)(1), has obtained a supplemental clerk's record which includes this recording.

[2] Our review of counsel's brief reveals that it does not meet the standards required by Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998) (applying the Anders procedure to juvenile proceedings). An Anders brief must discuss the evidence presented at trial, point out where pertinent testimony may be found in the record, refer to objections made at trial, identify the nature of these objections, identify the trial court's rulings on these objections, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court. High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Appellate counsel's brief has failed to comply with these requirements. However, while we strongly advise appellate counsel to review the requirements set out in Anders and High, after reviewing the record, we have determined that it would serve no useful purpose to require appellate counsel to rebrief. See Bradley v. State, Nos. 2-04-073-CR, 2-04-074-CR, 2-04-075-CR, 2005 WL 2043960, at *1, n. 2 (Tex.App.–Fort Worth 2005, no pet.) (mem.); McClain v. State, No. 13-01-246-CR, 2001 WL 1559233, at *1, n. 1 (Tex.App.–Corpus Christi 2001, no pet.) (mem.). See also Homan v. Hughes, 708 S.W.2d 449, 454 (Tex.Crim.App. 1986) (the law does not compel us to require courts to perform useless tasks). Very few objections were lodged during the punishment hearing and D.L.C.'s only objection that was not sustained was based on hearsay. Our independent review reveals no reversible error. Thus, we have concluded that we will be able to justly review the appeal, even without the benefit of an adequate brief. Bradley, 2005 WL 2043960, at *1, n.2; McClain, 2001 WL 1559233, at *1, n. 1.

their right to review the record and of the parent's right to file a *pro se* response to counsel's motion and brief. No response has been filed.

We have made an independent examination of the record to determine whether there are any non-frivolous grounds upon which an appeal could arguably be founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.[3]

Having considered the merits and finding no reversible error, we grant appellate counsel's motion to withdraw and affirm the trial court's order.

Mackey K. Hancock
Justice

---

[3] We find no reversible error in the trial court's overruling of D.L.C.'s hearsay objection. The objected to document was the parental written statement of D.L.C.'s mother. D.L.C.'s mother testified at the hearing, providing essentially the same information contained in the statement. Further, she was subjected to cross examination. Thus, any error in the trial court overruling D.L.C.'s hearsay objection was rendered harmless by the same evidence being properly admitted, without objection, through D.L.C.'s mother's testimony. See Tᴇx. R. Aᴘᴘ. P. 44.1; Texas Dept. of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000).