**Affirmed as Reformed and Memorandum Opinion filed May 24, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00071-CR

———————

**ELTON MORRIS BROUSSARD A/K/A ELTON BROUSSARD A/KA/ THOMAS LIMBURG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 10-08134**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to unauthorized use of a motor vehicle and was placed on deferred adjudication probation for five years. On January 17, 2012, the trial court adjudicated appellant's guilt and sentenced him to confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.[1]

---

[1] Appellant initially appealed to the Ninth Court of Appeals in Beaumont. Pursuant to its docket equalization authority, the Texas Supreme Court transferred appellant's appeal to this court. *See* Tex. Gov't Code Ann. § 73.001.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirement of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

Copies of counsel's brief and the record were delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). On March 27, 2012, appellant filed a pro se response to counsel's brief. The State filed a brief in which it points out that the inclusion of appellant's original $1,000.00 fine in the final judgment is incorrect.

We have carefully reviewed the record, counsel's brief, and appellant's response, and agree the appeal is wholly frivolous and without merit. We conclude that the inclusion of the original $1,000.00 fine in the final judgment of adjudication is a clerical error subject to reformation by the appellate court. Although the judgment contains a clerical error, we find no error requiring abatement or appointment for new counsel.[2]

A discussion of the brief would add nothing to the jurisprudence of the state. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

---

[2] When our examination of the record reveals that non-frivolous grounds for appeal exist in an *Anders* appeal, we ordinarily abate the appeal and remand the cause to the trial court with instructions to appoint a new attorney to file a brief raising the non-frivolous grounds that we have identified, as well as any additional grounds that the attorney discovers. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In this case, however, we decline to abate the appeal and remand the cause to the trial court for the appointment of new counsel. *See Bray v. State*. 179 S.W. 3d 725, 729 (Tex. App.—Fort Worth, 2005, no pet.) (*citing Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) for the proposition that the law does not require courts to perform useless tasks). We instead exercise our authority to order the judgment in this case reformed.

Accordingly, we reform the trial court's judgment to delete the original $1,000.00 fine.   The judgment of the trial court is affirmed as reformed.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).