

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00064-CR

———————————————————

MICHAEL SAVAGE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. F-2004-1443-B

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

Appellant Michael Savage, a prisoner appearing pro se, appeals from the trial court's order denying his postconviction motion for DNA testing and his motion for the appointment of counsel. Because the record does not reveal fundamental error, we affirm.

## II. Background

On July 8, 2005, Savage was convicted of the murder of his four-year-old son and was sentenced to life in prison. On that same date, the trial court certified that Savage's case was a plea-bargain case, that he had no right of appeal, and that he had waived the right of appeal.

Almost sixteen years later, in March 2021, Savage filed a motion for forensic DNA testing under Texas Code of Criminal Procedure Chapter 64. Savage asserted (1) that identity was an issue in the case because several people were interviewed as possible suspects and because no evidence placed him as the person who committed the offense and (2) that testing should be performed on the victim's clothes, hair fibers, and all objects secured as alleged weapons. Savage requested in that motion that he be appointed counsel, and he also filed a separate motion requesting the appointment of counsel under Chapter 64. The State filed a response to Savage's motions, acknowledging that such evidence exists and may contain biological material suitable for DNA testing but arguing that Savage could not meet the other necessary

conditions for DNA testing under Chapter 64. Specifically, the State argued that identity was not an issue in this case when Savage pleaded guilty and is not an issue now and noted the following:

- The victim "disappeared" while Savage was taking care of him;

- Savage was known to be abusive toward the victim and questioned whether the victim was his son;

- The victim's five-year-old brother saw Savage take the victim into the bedroom on the day the victim went missing, and the victim's brother heard the victim crying for Savage to stop;

- The victim's brother never saw the victim again after that;

- Savage lied and said that he had thrown out the victim's green comforter a few days before the victim went missing, but it was seen by others on the day that the victim went missing;

- Shortly before the victim was reported missing, Savage's girlfriend was present (but was asked not to look) when Savage moved something from a rental car and placed it in the trunk of his car;

- Police searched the trunk of Savage's car and found the victim's body wrapped in the green comforter; and

- Savage confessed to killing the victim.

The State argued that Savage's confession in combination with all of the other evidence discovered during the investigation showed that identity was not an issue when he pleaded guilty and that Savage pointed to nothing new in his motion that would make identity an issue now. *See In re Adkins*, No. 03-19-00046-CR, 2020 WL 4726598, at *4 (Tex. App.—Austin Aug. 12, 2020, pet. ref'd) (mem. op., not designated for publication) ("[W]hen a convicted person's statement placed him inside the deceased's 'home with a screwdriver in his hand,' it was the *combination* of that statement *plus* two statements by others that also placed the person inside the deceased's home that sufficiently supported the trial court's finding that identity was not and is not at issue in the underlying murder case."). The State also argued that Savage could not make the required showing—a greater than 50% likelihood that he would not have been convicted if the proposed testing's exculpatory results were available at the time of his trial—because "[t]here is no way to know whether any supposed-third-party DNA on the comforter, clothes, or hair would actually be related to the offense" and because any absence of Savage's DNA from those items could simply mean that he did not deposit DNA on the objects. The State further argued that because no reasonable grounds exist for filing a DNA motion, Savage's request for appointment of counsel should be denied.

After considering Savage's motions and the State's response, the trial court signed an order denying Savage's postconviction motion for DNA testing and denying his motion for the appointment of counsel. *See Hendrick v. State*, No. 13-18-

4

00285-CR, 2019 WL 2847446, at *3 (Tex. App.—Corpus Christi–Edinburg July 3, 2019, no pet.) (mem. op., not designated for publication) ("[A] convicted person seeking DNA testing is statutorily entitled to appointed counsel, but only if 'the court finds reasonable grounds for the motion to be filed, and the court determines that the person is indigent.'" (citing Tex. Code Crim. Proc. Ann. art. 64.01(c))). In an amended order, the trial court explained that

- although evidence that may contain biological material suitable for DNA testing still exists and is in the custody of the Lewisville and Addison Police Departments, Savage did not carry his burden to show the other requirements of Texas Code of Criminal Procedure Article 64.03(a);

- identity was and is not an issue based on the combination of Savage's plea, confession, and admissions in addition to all of the other evidence discovered by the investigation that showed that identity was not an issue and because Savage does not point to anything new that would make identity an issue now;

- Savage cannot establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing because, given the facts of this case, DNA testing would not illuminate anything about the murder and at best would muddy the waters; and

- "[g]iven the overwhelming evidence of Savage's guilt, that identity was not an issue, and the lack of relevance of the requested DNA testing to Savage's guilt,"

5

the trial court did not find reasonable grounds for a motion to be filed or that there was a valid or viable argument for testing, and thus denied the appointment of counsel.

Savage filed a notice of appeal from the trial court's order denying his motions. *See* Tex. Code Crim. Proc. Ann. art. 64.05.

On July 21, 2021, we notified Savage that his brief in this appeal was due on August 20, 2021. On September 10, 2021, we notified Savage that his brief had not been filed and that unless he filed with the court on or before September 20, 2021, a motion reasonably explaining the failure to file a brief and the need for an extension, the court could consider and decide his appeal without a brief. On September 21, 2021, we received Savage's letter dated September 15, 2021; we construed the letter as a motion for extension of time and extended his briefing deadline until November 4, 2021. On November 17, 2021, we again notified Savage that his brief had not been filed and that unless he filed with the court on or before November 29, 2021, a motion reasonably explaining the failure to file a brief and the need for an extension, the court could consider and decide his appeal without a brief. In a letter dated February 1, 2022, we noted that no briefs had been filed and stated that the case would be submitted on the record.[1] *See id.* art. 44.33(b); Tex. R. App. P. 38.8(b)(4).

---

[1]We did not abate this appeal pursuant to Rule 38.8(b). *See* Tex. R. App. P. 38.8(b). Because Savage has no constitutional right to counsel in a Chapter 64 proceeding, abating the appeal to ensure compliance with a right that Savage does not possess would be a useless act. *See Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim.

### III. Fundamental-Error Review

Rule of Appellate Procedure 38.8(b)(4) provides that an appellate court in a criminal case may consider an appeal without briefs, as justice may require. Tex. R. App. P. 38.8(b)(4). "[A]n appellate court's inherent power to dismiss a case is reserved for those situations in which a party has engaged in serious misconduct such as bad-faith abuse of the judicial process." *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (relying on Tex. Code Crim. Proc. Ann. art. 44.33(b)). Savage has not filed a brief, but that failure in itself does not constitute serious misconduct or bad-faith abuse of the judicial process. *See Solomon v. State*, No. 02-16-00133-CR, 2016 WL 7240614, at *2 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (mem. op., not designated for publication) (per curiam). We therefore submitted this case without briefs.

When an appellant fails to file a brief and we consider the case without briefs, we review the entire appellate record to determine if fundamental error exists. Tex. R. App. P. 38.8(b)(4); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *Solomon*, 2016 WL 7240614, at *2. Fundamental errors include the following: (1) denial of the right to counsel, (2) denial of the right to a jury trial, (3) denial of ten days' preparation before trial for appointed counsel, (4) absence of jurisdiction over the defendant, (5) absence of subject-matter jurisdiction, (6) prosecution under a penal statute that

---

App. 1986) (stating that the law does not compel us to require courts to perform useless tasks).

does not comply with the Separation of Powers section of the state constitution, (7) jury charge errors resulting in egregious harm, (8) holding trials at a location other than the county seat, (9) prosecution under an ex post facto law, and (10) comments by a trial judge that taint the presumption of innocence. *Solomon*, 2016 WL 7240614, at *2. When a postconviction–DNA–testing-order appeal is submitted without briefs, our review of the record for fundamental error is limited to the record related to the appellant's request for postconviction DNA testing, as opposed to the record of the underlying conviction. *See id.* (citing *Watkins v. State*, 155 S.W.3d 631, 634–35 & 634 n.5 (Tex. App.—Texarkana 2005, no pet.)). Limiting our review to the record related to Savage's request for postconviction forensic DNA testing,[2] we do not find fundamental error.[3] *See id.*

---

[2]The court reporter notified this court that no reporter's record was made for any proceedings since 2005; therefore, the appellate record contains only the clerk's record.

[3]Regarding the first fundamental error in the list—denial of the right to counsel—although there is a statutory right to counsel, there is no federal or state constitutional right to counsel in a Chapter 64 proceeding. *See Solomon*, 2016 WL 7240614, at *2 n.5. We therefore fail to see how fundamental error can flow from the denial of Savage's request for counsel in this context. *See id.*

## IV. Conclusion

Because our review of the record reveals no fundamental error, we affirm the trial court's order denying Savage's motion for postconviction DNA testing and request for appointed counsel. *See id.* at *3.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 24, 2022