NO. 07-05-0337-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 9, 2006



______________________________



IN THE MATTER OF D.L.C.



________________________________



FROM THE COUNTY COURT OF SWISHER COUNTY;



NO. 387; HONORABLE HAROLD KEETER, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, D.L.C., a juvenile, appeals from an order of adjudication and disposition
finding that he had engaged in delinquent conduct and committing him to the Texas Youth
Commission. D.L.C.'s appointed counsel has filed a motion to withdraw as counsel and
a brief in support of that motion. We grant counsel's motion to withdraw and affirm.

 D.L.C. was charged with engaging in delinquent conduct based on his unauthorized
use of his mother's motor vehicle. D.L.C. pled true to the charge and waived his right to
a jury trial. The trial court accepted D.L.C.'s plea and found that he had engaged in
delinquent conduct. After holding a disposition hearing, the trial court committed D.L.C.
to the Texas Youth Commission for an indeterminate sentence not to exceed his 21st
birthday.

 D.L.C.'s counsel has filed a motion to withdraw and a brief in support thereof which
states that counsel has carefully reviewed the record and listened to the recording of the
hearing (1) and is of the opinion that the record reflects no reversible error upon which an
appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. (2)

 Counsel has attached an exhibit showing that a copy of the Anders brief and motion
to withdraw have been forwarded to D.L.C. and his parent appropriately advising them of
their right to review the record and of the parent's right to file a pro se response to
counsel's motion and brief. No response has been filed.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. 
See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. (3)

 Having considered the merits and finding no reversible error, we grant appellate
counsel's motion to withdraw and affirm the trial court's order.


 Mackey K. Hancock

 Justice





 

 

1. While appellate counsel failed to ensure that a certified copy of the recording of
the hearing was made a part of the appellate record, this court, pursuant to Texas Rule of
Appellate Procedure 34.5(c)(1), has obtained a supplemental clerk's record which includes
this recording.
2. Our review of counsel's brief reveals that it does not meet the standards required
by Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See
In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998) (applying the Anders procedure to juvenile
proceedings). An Anders brief must discuss the evidence presented at trial, point out
where pertinent testimony may be found in the record, refer to objections made at trial,
identify the nature of these objections, identify the trial court's rulings on these objections,
and discuss either why the trial court's ruling was correct or why the appellant was not
harmed by the ruling of the trial court. High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978). Appellate counsel's brief has failed to comply with these requirements. However,
while we strongly advise appellate counsel to review the requirements set out in Anders
and High, after reviewing the record, we have determined that it would serve no useful
purpose to require appellate counsel to rebrief. See Bradley v. State, Nos. 2-04-073-CR,
2-04-074-CR, 2-04-075-CR, 2005 WL 2043960, at *1, n. 2 (Tex.App.-Fort Worth 2005, no
pet.) (mem.); McClain v. State, No. 13-01-246-CR, 2001 WL 1559233, at *1, n. 1
(Tex.App.-Corpus Christi 2001, no pet.) (mem.). See also Homan v. Hughes, 708 S.W.2d
449, 454 (Tex.Crim.App. 1986) (the law does not compel us to require courts to perform
useless tasks). Very few objections were lodged during the punishment hearing and
D.L.C.'s only objection that was not sustained was based on hearsay. Our independent
review reveals no reversible error. Thus, we have concluded that we will be able to justly
review the appeal, even without the benefit of an adequate brief. Bradley, 2005 WL
2043960, at *1, n.2; McClain, 2001 WL 1559233, at *1, n. 1.
3. We find no reversible error in the trial court's overruling of D.L.C.'s hearsay
objection. The objected to document was the parental written statement of D.L.C.'s
mother. D.L.C.'s mother testified at the hearing, providing essentially the same information
contained in the statement. Further, she was subjected to cross examination. Thus, any
error in the trial court overruling D.L.C.'s hearsay objection was rendered harmless by the
same evidence being properly admitted, without objection, through D.L.C.'s mother's
testimony. See Tex. R. App. P. 44.1; Texas Dept. of Transp. v. Able, 35 S.W.3d 608, 617
(Tex. 2000).


04 Tex.App. Lexis 695 at *2-*3 (Tex.App.–Amarillo January 22, 2004, orig.
proceeding) (mem. op.). 
          Relator’s petition must be denied for a second reason. A trial court has a
reasonable time to perform its ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable time has
lapsed depends on the facts of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Assuming for the sake of argument
relator’s motion was filed and presented to Judge Messer on April 29, 2008, we cannot
say, on this record, Judge Messer has unreasonably delayed ruling on the motion. See
In re Gonzales, No. 07-06-0324-CV, 2006 WL 2588696, *1, 2006 Tex. App. Lexis 8057,
*3, (Tex.App.–Amarillo Sept. 6, 2006, orig. proceeding) (mem. op.) (three months
pendency of motion not unreasonable delay).
          For these reasons, we deny relator’s request for mandamus relief.
 
                                                                           James T. Campbell

                                                                                    Justice