**Affirmed as Reformed and Memorandum Opinion filed July 22, 2014.**



In The

# Fourteenth Court of Appeals

***

## NO. 14-13-00857-CR

***

**WILLIE RAY ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1346504**

## M E M O R A N D U M   O P I N I O N

Appellant appeals his conviction for aggravated robbery. Appellant's appointed counsel filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

Copies of counsel's brief and the record were delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, more than 60 days have passed and no pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Although we find no reversible error in the record, the judgment contains a clerical error subject to reformation. The judgment contains the following recitation: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Appellant asks this court to reform the judgment to delete this notation. There is no signed waiver of the right to appeal contained in our record. Appellant's plea of guilty was not entered pursuant to a plea-bargain agreement. The trial court filed a certification of the defendant's right to appeal in which the court certified that appellant has the right to appeal. *See* Tex. R. App. P. 25.2(d). It is apparent from the record that appellant has the right to appeal, and the language that appellant waived his right to appeal does not comport with the record.

An appellate court has the authority to correct and reform a trial court judgment "to make the record speak the truth when it has the necessary data and information to do so . . . ." *Nolan v. State*, 39 S.W.3d 697, 698–99 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Although the judgment contains a clerical

error, we find no error requiring abatement or appointment for new counsel.[1] Accordingly, we reform the trial court's judgment to delete the language reciting "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

We affirm the judgment as reformed.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] When our examination of the record reveals that non-frivolous grounds for appeal exist in an *Anders* appeal, we ordinarily abate the appeal and remand the cause to the trial court with instructions to appoint a new attorney to file a brief raising the non-frivolous grounds that we have identified, as well as any additional grounds that the attorney discovers. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In this case, however, we decline to abate the appeal and remand the cause to the trial court for the appointment of new counsel. *See Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth, 2005, no pet.) (citing *Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) for the proposition that the law does not require courts to perform useless tasks). We instead exercise our authority to order the judgment in this case reformed.

3