PD-1406-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/10/2015 10:07:20 AM
Accepted 3/10/2015 11:19:17 AM
ABEL ACOSTA
CLERK

# IN THE TEXAS COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **JOSE RAMIRO DELAROSA,** | § | **CCA No. PD-1406–14** |
| *APPELLANT* | § | |
| | § | |
| **V.** | § | **COA No. 05-14-01020-CR** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| *APPELLEE* | § | **TC No. F14–52888-T** |

*APPEALED FROM CAUSE NUMBER F14-52888-T IN THE 283RD JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS; THE HONORABLE RICK MAGNIS, JUDGE PRESIDING; APPEAL DISMISSED FOR LACK OF JURISDICTION BY THE HONORABLE FIFTH COURT OF APPEALS IN CAUSE NUMBER 05-14-01020-CR.*

§ § §

# STATE'S JURISDICTIONAL BRIEF PURSUANT TO THIS COURT'S ORDER OF FEBRUARY 25, 2015

§ § §

SUSAN HAWK
Criminal District Attorney
Dallas County, Texas

MICHAEL R. CASILLAS, Assistant
Criminal District Attorney,
Appellate Division
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3600/FAX (214) 653-3643
State Bar No. 03967500
Michael.Casillas@dallascounty.org
Mcasillas@dallascounty.org

## Identity of Parties, Counsel, and Trial Court Below

Petitioner -- (Appellee Below):   The State of Texas


Represented by:

> The Honorable Susan Hawk, Criminal District Attorney
> Michael R. Casillas, Assistant Criminal District Attorney
>
> Office of the Criminal District Attorney of Dallas County
> 133 N. Riverfront Blvd., LB 19
> Dallas, Texas 75207-4399


Respondent – (Appellant Below):    Jose Ramiro Delarosa


Represented by:

> The Honorable Leslie McFarlane
> 7522 Campbell Road, Suite 113-216
> Dallas, Texas 75248


## Identification of Trial Court Below

The 283rd Judicial District Court of Dallas County, Texas – The Honorable Judge Rick Magnis, Presiding

## SUBJECT INDEX/TABLE OF CONTENTS

IDENTITY OF PARTIES, COUNSEL,
AND TRIAL COURT BELOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY STATEMENT OF THE
JURISDICTIONAL ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A) In Light Of This Court's Pronouncements That The Timely Filing
    Of A Petition For Discretionary Review Not Only Vests This Court
    With Jurisdiction To Review The Judgment Of The Court Of Appeals,
    But Also Vests This Court With Exclusive Jurisdiction, The Trial
    Court Lacked Jurisdiction Even To Attempt To Dispose Of The Case
    Until This Court Denied The State's Petition For Discretionary Review,
    An Event Which Never Occurred.  Accordingly, The Trial Court's
    Judgment Of December 17, 2014 Was Void Ab Initio.  . . . . . . . . . . . . . . . 10

    B) Concluding That This Court Had Exclusive Jurisdiction Over
    The Case Would Be In Complete Harmony With This Court's
    Prior Precedents Regarding How The Timely Filing Of A Notice
    Of Appeal Deprives Trial Courts Of Jurisdiction To Dispose
    Of Cases As To Which Such Timely Notices Of Appeal Have
    Been Filed.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE/PROOF OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGES**

Davis v. State, 956 S.W.2d 555 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . 11,16

Delarosa v. State, No.05-14-01020-CR, 2014 Tex. App.
    LEXIS 11034 (Tex. App. – Dallas October 2,
    2014, pet. granted)(not designated for publication) . . . . . . . . . . . . . . . . . . . 5

Drew v. State, 743 S.W.2d 207 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . . 16

Ex Parte Caldwell, 383 S.W. 587 (Tex.
    Crim. App. 1964)(op. on reh'g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Ex Parte Seidel, 39 S.W.3d 221 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . 16

Ex Parte Shaw, 395 S.W.3d 819 (Tex. Crim. App.  2013) . . . . . . . . . . . . 13,15,17,24

Ex Parte Sledge, 391 S.W.3d 104 (Tex. Crim. App. 2013) . . . . . . . . . . . . . . . . . 22

Garcia v. Dial, 596 S.W.2d 524 (Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . . . 16

Garza v. State, 896 S.W.2d 192 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . *passim*

Homan v. Hughes, 708 S.W.2d 449 (Tex. Crim. App. 1986) . . . . . . . . . . . 14,17,24

Lapasnick v. State, 784 S.W.2d 366 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . 11

Lapointe v. State, 225 SW.3d 513 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . 12

Marin v. State, 851 S.W.2d 275 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . 22

Morrow v. Corbin, 62 S.W.2d 641 (Tex. 1933) . . . . . . . . . . . . . . . . . . . . . . . . 11

Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . *passim*

Schneider v. State, 594 S.W.2d 415 (Tex.
Crim. App. [Panel Op.] 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Short v. State, 929 S.W.2d 13 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . 15

Skillern v. State, 890 S.W.2d 849 (Tex.
App. – Austin 1994, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,16

State ex rel. Cobb v. Godfrey, 739
S.W.2d 47 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

State ex rel. McNamara v. Clark, 187 S.W. 760 (1915) . . . . . . . . . . . . . . . . . . . 17

State ex rel. Wilson v. Briggs, 351 S.W.2d 892 (1961) . . . . . . . . . . . . . . . . . . . . 17

State v. Adams, 930 S.W.2d 88 (Tex. Crim. App. 1996) . . . . . . . . . . . . . 13,15,17,24

State v. Bates, 889 S.W.2d 306 (Tex. Crim. App. 1994) . . . . . . . . . . . . . 13,15,17,24

State v. Garza, 931 S.W.2d 560 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . 22

State v. Johnson, 821 S.W.2d 609 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . 18,19

Stine v. State, 908 S.W.2d 429 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . . . 22

Taylor v. State, 247 S.W.3d 223 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . 4,24

Westergren v. Banales, 773 S.W.2d 764 (Tex.
App. – Corpus Christi 1989, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## ARTICLES, RULES, CODES, AND CONSTITUTIONS

Tex. Const. art. V, §5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Tex. R. App. P. 9.4(i)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Tex. R. App. P. 9.4(i)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Tex. R. App. P. 21.8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Tex. R. App. P. 21.8(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

IN THE TEXAS COURT OF CRIMINAL APPEALS

| JOSE RAMIRO DELAROSA, | § | CCA No. PD-1406–14 |
|---|---|---|
| APPELLANT | § | |
| | § | |
| V. | § | COA No. 05-14-01020-CR |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TC No. F14-52888-T |

*APPEALED FROM CAUSE NUMBER F14-52888-T IN THE 283RD JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS; THE HONORABLE RICK MAGNIS, JUDGE PRESIDING; APPEAL DISMISSED FOR LACK OF JURISDICTION BY THE HONORABLE FIFTH COURT OF APPEALS IN CAUSE NUMBER 05-14-01020-CR.*

TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS:

## STATEMENT REGARDING ORAL ARGUMENT

The State respectfully reiterates the arguments from the State's Response to Delarosa's dismissal motion[1] and from the State's Opening Merit Brief[2] regarding how the nature of the issue raised by the State's Petition For Discretionary Review more than justifies this Court's reconsideration of its prior decision not to afford the parties the privilege of presenting oral argument. Moreover, the State also reiterates the arguments from the State's Response to Delarosa's dismissal motion regarding how

---

[1]*See* State's Response/Motion Regarding Delarosa's Dismissal Motion, at p. 2.

[2]*See* State's Opening Merit Brief, at pp. 1-2.

1

the jurisdictional issue raised by Delarosa's dismissal motion is of such importance that this Court should not only reconsider the decision that oral argument should not be heard, but should reverse that decision and grant the parties the privilege of presenting oral argument.[3]

The State hereby again respectfully asks this Court to reconsider its previous denial of oral argument and to grant the parties the privilege of presenting oral argument to this Court to provide guidance for this Court's resolution of the issues raised not only by the State's Petition For Discretionary Review, but also by the jurisdictional issue that has been raised by Delarosa's dismissal motion and the State's response thereto.

## PRELIMINARY STATEMENT OF THE CASE

Delarosa was charged via indictment with unauthorized use of a motor vehicle (UUMV). (CR: 6, 41-47; RR-3: 6-7). Delarosa entered a plea of not guilty, but was ultimately convicted of UUMV by the jury. (CR: 5, 47, 52-53; RR-3: 6-7, 70-71). The jury sentenced Delarosa to imprisonment in the state jail for a period of 18 months and also imposed a $1,000.00 fine. (CR: 5, 36, 51-53; RR-3: 93).

The State's evidence was undisputed regarding how – within a period of not more than 4 hours – the victim's car was stolen and Delarosa was arrested after he had

---

[3]*See* State's Response/Motion Regarding Delarosa's Dismissal Motion, at p. 2.

been observed driving the victim's stolen vehicle. (RR-3: 8-9, 15-16, 51). The State's evidence was absolutely undisputed regarding how Officer Raul Moreno had investigated the original vehicle theft and had also apprehended Delarosa in the act of driving the stolen vehicle. (RR-3: 8-9, 15-16). The record was undisputed regarding how a video recording from Officer Moreno's police car showed Delarosa being removed from the stolen car. (RR-3: 39).

While two other passengers were present with Delarosa, Officer Moreno was able to establish that Delarosa had admitted – without any prompting or questioning – that the two passengers had been unaware that the vehicle had been stolen. (RR-3: 31-32). Officer Moreno also established that Delarosa then claimed that the stolen car was his aunt's car. (RR-3: 32). The victim established that Delarosa was not her nephew, that she did not know Delarosa, and that she had not given Delarosa permission to use her car. (RR-3: 56-57).

The jury returned its punishment verdict on July 8, 2014. (RR-3: 1, 106). On July 9, 2014, the trial court certified Delorosa's appeal. (CR: 58). On August 1, 2014, Delorosa filed his notice of appeal and the trial court appointed an attorney to represent Delarosa "in prosecuting his/her appeal." (CR: 61). On August 6, 2014, Delarosa filed a motion for new trial that alleged only that the verdict was contrary to the law and evidence. (CR: 64).

3

On September 5, 2014, the Clerk's Record was filed with the Fifth Court. On September 22, 2014, Delarosa filed a motion with the Fifth Court asking the Fifth Court to dismiss the appeal for want of jurisdiction because the trial court had entered an order granting Delarosa's motion for new trial. On that same date, the State filed with the Fifth Court a motion asking the Fifth Court to abate the case for the trial court to clarify whether it had intended for Delarosa to receive a new trial or to seek redress via the appellate process. The State's abatement motion relied on Taylor v. State, 247 S.W.3d 223 (Tex. Crim. App. 2008).

The face of the order that was part of the motion for new trial contained an area where the judge could indicate a ruling by circling either and option designated as "(granted)" or an option designated as "(overruled)." (CR: 64). While the order portion of the motion for new trial was signed by the trial court, the trial court's interlineation on the "(granted)" option did not encircle the entire "(granted)" option, but actually consisted of a curling arc with a hole in the center, the lines of which crossed through the letters "g" and "r" that began the word "granted" and also crossed through the letters "e" and "d" that completed the word "granted," while also almost staying completely within the outer parameters of the set of parentheses surrounding

4

the word "granted."[4] (CR: 64). Based on the combination of: 1) the documents that had certified Delarosa's right to appeal; 2) the failure of the docket sheet to reflect that the motion for new trial had even been filed (must less ruled on in any manner); and 3) the manner in which the motion to dismiss had been filed by Delarosa some six weeks after the Clerk's Record had been filed, the State was not certain whether the interlineation on the "(granted)" option was intended to indicate that the "(granted)" option had been chosen (and thus indicated that Delarosa had been granted or new trial) or stricken through (and thus indicated that Delarosa had not been granted a new trial).

Despite the State's arguments regarding why the abatement process should be employed, the Fifth Court dismissed the appeal for want of jurisdiction. Delarosa v. State, No.05-14-01020-CR, 2014 Tex. App. LEXIS 11034 (Tex. App. – Dallas October 2, 2014, pet. granted)(not designated for publication). While the Fifth Court dismissed the case, the Fifth Court in no way, shape, or form addressed the State's arguments regarding how the record was not clear regarding whether the trial court had actually granted Delarosa a new trial. Delarosa, No.05-14-01020-CR, 2014 Tex. App. LEXIS 11034, at *1-2.

_____

[4]A copy of Delarosa's motion for new trial and the order contained therein appears at Tab B of the State's Petition For Discretionary Review. *See* State's Petition For Discretionary Review, at Tab B.

The State timely filed its petition for discretionary review with this Court on October 16, 2014. Delarosa filed a response to the State's petition for discretionary review on October 22, 2014.

On January 28, 2015, this Court granted the State's petition for discretionary review, but refused to grant the parties the privilege of presenting oral argument to this Court. On February 6, 2015, Delarosa filed a motion to dismiss the State's previously-granted petition for discretionary review because a purported plea bargain agreement had resulted in the lack of any justiciable issue. On February 9, 2015, the State filed a response to Delarosa's dismissal motion.

The State's response informed this Court that Delarosa's dismissal motion actually presented this Court with a jurisdictional issue (as opposed to an issue of whether any justiciable issue still existed). The basis for the State's contention that a jurisdictional issue had been presented was the manner in which the record was undisputed that the judgment upon which Delarosa was relying was issued at a time when this Court's jurisdiction had been invoked according to Garza v. State, 896 S.W.2d 192 (Tex. Crim. App. 1995).

The State's response also informed this Court that the undersigned prosecutor had a substantial basis for a good faith belief that the judgment upon which Delarosa was relying did not encompass all the relevant facts of which this Court should at least

6

be aware before issuing any ruling granting Delarosa's dismissal motion. In summary, the undersigned prosecutor had (and continues to have) a substantial basis for a good faith belief that Delarosa had rejected a plea bargain offer that had been extended by the trial prosecutor reflected in the judgment, that the trial prosecutor reflected in the judgment had never participated in any plea bargain agreement that had been both consummated between the parties and accepted by the trial court, and that the plea bargain documents had been tendered to the trial court and processed as the result of some type of mistake or misunderstanding.[5]

On February 17, 2015, the State filed with this Court the State's Opening Merit Brief on the State's Petition for Discretionary Review. On February 25, 2015, this Court issued an order directing the parties to file briefs addressing the question of whether the trial court had jurisdiction to address Delarosa's case after the State's petition for discretionary review had been timely filed (but before this Court had refused the State's petition for discretionary review, which obviously did not ever happen). As per the terms of this Court's jurisdictional briefing order of February 25, 2015, the instant State's Jurisdictional Brief is timely, so long as it is filed no later than Thursday, March 12, 2015.

---

[5]*See* State's Response/Motion Regarding Delarosa's Dismissal Motion, at pp. 11-15.

**SUMMARY STATEMENT OF**
**THE JURISDICTIONAL ISSUES PRESENTED**

The record before this Court leaves no doubt that the trial court attempted to dispose of the case at a time that was not only after the State had already filed the petition for discretionary review in a timely manner, but also during the time that this Court's decision relative to the State's petition for discretionary review was still pending. By attempting to dispose of the case at a time when the State's timely-filed petition for discretionary review was pending before this Court, the trial court acted at a time when only this Court had jurisdiction over the case.

Almost 20 years ago in an opinion that was issued on March 15, 1995, this Court expressly stated that, "Just as the timely filing of a notice of appeal vests the appellate courts with jurisdiction to consider the appeal, the timely filing of a petition for discretionary review vests this Court with jurisdiction to review the judgment of the Court of Appeals." Garza v. State, 896 S.W.2d 192, 194-95 (Tex. Crim. App. 1995). In a subsequent opinion that was issued on March 27, 1996 (only a year and 12 days after the issuance of the opinion in Garza), this Court cited the Garza opinion and did so in support of the conclusion that the filing of a petition for discretionary review with this Court vested this Court with "exclusive jurisdiction." Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Finally, numerous cases from this Court's

8

jurisprudence establish that invocation of a higher court's jurisdiction deprives lower courts of jurisdiction relative to disposing of the cases in question.

Accordingly, this Court's jurisprudence makes clear that the timely invocation of this Court's jurisdiction vests this Court with exclusive jurisdiction to review the judgment of the Court of Appeals. The conclusion that this Court's jurisdiction, once invoked, is exclusive as to any lower courts is entirety consistent with this Court's jurisprudence regarding how the timely filing of a notice of appeal vests the courts of appeals with jurisdiction, such that trial courts may not act to dispose of cases once the jurisdiction of the courts of appeals has been invoked relative thereto. As such, logic and the law dictate that the judgment upon which Delarosa relies was void ab initio because the record is undisputed regarding how that judgment was rendered at a time that the trial court had no jurisdiction to dispose of the case because this Court's exclusive jurisdiction had already been invoked and was still pending.

For all the aforementioned reasons, this Court should – consistent with Garza, Olivo, and the other cases cited herein – conclude that the trial court's judgment upon which Delarosa relies was void ab initio because the State's timely invocation of this Court's jurisdiction vested this Court with exclusive jurisdiction and that this Court cannot be divested of its exclusive jurisdiction by the acts of a lower court that are committed while this Court is vested with such exclusive jurisdiction.

9

## ARGUMENT AND AUTHORITIES

**A) In Light Of This Court's Pronouncements That The Timely Filing Of A Petition For Discretionary Review Not Only Vests This Court With Jurisdiction To Review The Judgment Of The Court Of Appeals, But Also Vests This Court With Exclusive Jurisdiction, The Trial Court Lacked Jurisdiction Even To Attempt To Dispose Of The Case Until This Court Denied The State's Petition For Discretionary Review, An Event Which Never Occurred. Accordingly, The Trial Court's Judgment Of December 17, 2014 Was Void Ab Initio.**

**B) Concluding That This Court Had Exclusive Jurisdiction Over The Case Would Be In Complete Harmony With This Court's Prior Precedents Regarding How The Timely Filing Of A Notice Of Appeal Deprives Trial Courts Of Jurisdiction To Dispose Of Cases As To Which Such Timely Notices Of Appeal Have Been Filed.**

As noted earlier, Delarosa filed a dismissal motion and attached judgment that purported to show that Delarosa's case was the subject of a plea bargain agreement on December 17, 2014. However, the record before this Court is undisputed regarding how the purported judgment of December 17, 2014 was entered after the State's petition for discretionary had been timely filed and during the time that the State's petition for discretionary review remained pending before this Court. Accordingly, Delarosa's dismissal motion and attached judgment and the State's response thereto have placed squarely before this Court the issue of whether this Court's jurisdiction – once invoked – is sole and exclusive or whether a lower court may not only somehow reclaim or share jurisdiction, but also act to divest this Court of its jurisdiction.

10

According to this Court's prior pronouncements, the trial court had no jurisdiction to enter the judgment upon which Delarosa relies because the trial court attempted to render that judgment at a time that was after the State's timely filing of the petition for discretionary review and the ongoing pendency thereof. Moreover, concluding that the pendency of the timely-filed petition for discretionary review vested this Court with exclusive jurisdiction would be in complete accord with this Court's prior pronouncements regarding how the filing of a notice of appeal vests the court of appeals with jurisdiction relative to any attempt by the trial court to dispose of the case as to which the notice of appeal pertained.

The concept of the trial court's jurisdiction "includes the power [of the trial court] to determine either rightfully or wrongfully." Morrow v. Corbin, 62 S.W.2d 641, 644 (Tex. 1933); Lapasnick v. State, 784 S.W.2d 366, 367 (Tex. Crim. App. 1990). The concept of the trial court's jurisdiction also encompasses the authority of the trial court "to render a particular kind of judgment." Davis v. State, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997); *see* Skillern v. State, 890 S.W.2d 849, 859 (Tex. App. – Austin 1994, pet. ref'd)(jurisdiction of the trial court concerns the authority or power of the trial court to try the case). The State's timely filing of the petition for discretionary review with this Court and the ongoing pendency before this Court of the State's petition for discretionary review until the date of January 28, 2015 deprived the

trial court of jurisdiction over the case on the date of December 17, 2014.

Almost 20 years ago, this Court wrote, "Just as the timely filing of a notice of appeal vests the appellate courts with jurisdiction to consider the appeal, the timely filing of a petition for discretionary review vests this Court with jurisdiction to review the judgment of the Court of Appeals." Garza v. State, 896 S.W.2d 192, 194-95 (Tex. Crim. App. 1995); *but see* Lapointe v. State, 225 SW.3d 513, 517 n. 11 (Tex. Crim. App. 2007)(noting that this Court had refused to grant Lapointe's second ground, which had contended that the pendency of his petition for discretionary review had deprived the trial court of jurisdiction to conduct a retrospective *in camera* hearing). Slightly over a year after having issued the Garza opinion, this Court not only cited Garza, but also explained:

> In Garza v. State, 896 S.W.2d 192 (Tex. Cr. App. 1995), we held that a court of appeals has no authority to summarily reconsider and correct or modify its opinion or judgment beyond the fifteen-day period provided in Tex.R.App.Pro. 101 after a petition for discretionary review is filed, because at that point **exclusive jurisdiction rests with this Court**.

Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)(emphasis added).

Accordingly, the combination of Garza and Olivo make clear that the timely filing of a petition for discretionary review vests this Court with exclusive jurisdiction relative to the case as to which the petition for discretionary review pertains. *See* Olivo, 918 S.W.2d at 522; Garza, 896 S.W.2d at 194-95. While Olivo and Garza

12

establish the exclusive nature of this Court's jurisdiction once that jurisdiction has been invoked, this Court has also recognized that the State's timely filing of a petition for discretionary review with this Court had the legal effect of depriving the court of appeals of jurisdiction to withdraw its previously-issued opinion in favor of a subsequently-issued opinion. *See* Ex Parte Shaw, 395 S.W.3d 819, 819 (Tex. Crim. App. 2013).

In addition to the aforementioned cases, this Court – in an opinion that was issued approximately two years after this Court had issued the opinion in State v. Bates, 889 S.W.2d 306, 310-11 (Tex. Crim. App. 1994) – noted how the Bates case had "involved the question of whether a trial court can reclaim jurisdiction of a cause after the Rules of Appellate Procedure mandated that cause had passed beyond its jurisdiction." State v. Adams, 930 S.W.2d 88, 92 n.6 (Tex. Crim. App. 1996). In Bates, this Court concluded that the trial court had lacked jurisdiction to enter an order granting a new trial because the order that purported to grant the new trial had been entered beyond the deadline set out in the Texas Rules of Appellate Procedure. Bates, 889 S.W.2d at 310. Accordingly, Bates not only bears out the accuracy of the characterization afforded it by this Court in Adams, but also supports the conclusion that a trial court cannot reclaim jurisdiction over a case when the case has passed beyond its jurisdiction according to the Texas Rules of Appellate Procedure.

13

As noted above, this Court in Garza acknowledged that the timely filing of a petition for discretionary review invoked this Court's jurisdiction in much the same manner that the timely filing of a notice of appeal invoked the jurisdiction of the court of appeals relative to the case as to which the notice of appeal pertained. Garza, 896 S.W.2d at 194-95. Almost 30 years ago, this Court issued the opinion in Homan v. Hughes, 708 S.W.2d 449 (Tex. Crim. App. 1986), which addressed the impact that perfection of an appeal had upon the trial court's ability to act in such a manner that would have the effect of depriving the court of appeals of jurisdiction over the case in question. In Homan, this Court made clear that once an appeal had been perfected by the appellant's having given notice thereof, "No trial judge's void order denying 'permission' to appeal or 'refusing' to allow an appeal can divest the appellate courts of their appellate jurisdiction once invoked by such lawful giving of notice of appeal." Homan, 708 S.W.2d at 453. As such, Homan supports the conclusion that the perfection of an appeal by the filing of a notice of appeal deprives the trial court of jurisdiction to attempt to dispose of the case.

While a petition for discretionary review has a different title than a notice of appeal has, a petition for discretionary review functions in a manner akin to that of a notice of appeal. Both pleadings invoke the jurisdiction of appellate-level courts – the courts of appeals and this Court. *See, e.g.*, Olivo, 918 S.W.2d at 522; Garza, 896

14

S.W.2d at 194-95.  Additionally, this Court has previously recognized that the filing of a petition for discretionary review constitutes a form of an appeal.  *See* Short v. State, 929 S.W.2d 13, 14 n.2 (Tex. Crim. App. 1996).  If the filing of a notice of appeal would have invoked the jurisdiction of the court of appeals and left the trial court with no jurisdiction to attempt to dispose of the case as to which the notice of appeal pertained, how can it be said that the trial court in the instant case retained any jurisdiction to dispose of the instant case once the State had invoked this Court's jurisdiction over the instant case by having timely filed with this Court the State's petition for discretionary review?

Clearly, the State's timely filing with this Court of the petition discretionary review vested this Court with exclusive jurisdiction over the case.  *See* Olivo, 918 S.W.2d at 522; Garza, 896 S.W.2d at 194-95.  Since jurisdiction over the case had passed to this Court and was still with this Court on December 17, 2014, the trial court lacked jurisdiction to dispose of the case on that date (or on any other date while the State's petition for discretionary review remained pending).  The trial court simply cannot reclaim jurisdiction over the case until this Court denied the State's petition for discretionary review (which never happened).  *See, e.g.,* Adams, 930 S.W.2d at 92 n.6, *citing* Bates, 889 S.W.2d at  310-11.  Consistent with Ex Parte Shaw, 395 S.W.3d at 819, if the filing and pendency of the State's petition for discretionary review deprives

15

an intermediate appellate court of jurisdiction, by what form of "logic" would that same filing and pendency somehow fail to deprive a trial court of jurisdiction to dispose of the case?

Also, the law is clear that, in situations where there was no jurisdiction, the power of the trial court to act is as absent as if it did not exist. *See* Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987), *citing*: Garcia v. Dial, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980) and Ex Parte Caldwell, 383 S.W. 587, 589 (Tex. Crim. App. 1964)(op. on reh'g). If jurisdiction over the case was exclusively with this Court by virtue of the State's timely filing of the petition for discretionary review, the trial court could not dispose of the same case in any manner because it lacked jurisdiction to render any judgment whatsoever. *See, e.g.*, Davis, 956 S.W.2d at 558 ; Skillern, 890 S.W.2d at 859. Accordingly, the trial court's "judgment" of December 17, 2014 was not only void as of the moment the trial court issued it, but also was (and is) attended by none of the consequences that attend a valid trial court judgment. *See, e.g.*, Ex Parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001).

Consistent with Olivo, 918 S.W.2d at 522 and Garza, 896 S.W.2d at 194-95 and all the other aforementioned legal authority, the filing and pendency of the State's petition for discretionary review deprived the trial court of any jurisdiction to dispose of the same case on December 17, 2014. To conclude otherwise would allow a

16

decision that a trial court and this Court to be simultaneously be vested with jurisdiction over the same case. This potential result is at least inconsistent with – if not actually wholly contrary to – the law contained in Olivo, Garza, Adams, Bates, Homan, and Ex Parte Shaw. Moreover, to conclude otherwise would establish that this Court – the highest criminal court in the State under the Texas Constitution – was capable of being vested with jurisdiction, but was also capable of having that already-vested jurisdiction taken away by the action of a lower court. This is inconsistent with the operation of the levels of power between a lower court and the court that the Texas Constitution designates as the ultimate arbiter of criminal law matters in the State of Texas. *See* Tex. Const. art. V, §5; State ex rel. Wilson v. Briggs, 351 S.W.2d 892, 894 (1961); State ex rel. McNamara v. Clark, 187 S.W. 760, 762 (1915); Westergren v. Banales, 773 S.W.2d 764, 766 (Tex. App. – Corpus Christi 1989, no writ)(noting that the Texas Court of Criminal Appeals "is the final arbiter of criminal law matters.").

Finally, a conclusion that the timely filing of a petition for discretionary review vested this Court with exclusive jurisdiction would provide the most certainty for maintaining the very purpose of the discretionary review process – the review of judgments of the courts of appeals. Implicit to the Garza court's opinion is the recognition that the very purpose of the discretionary review process is to provide an avenue for parties to seek this Court's review of a judgment that has been issued by a

17

court of appeals. Garza, 896 S.W.2d at 194-95. Concluding that trial courts had jurisdiction to dispose of cases even though petitions for discretionary review had been filed in those cases would have the impact of effectively permitting trial courts to insulate judgments of the courts of appeals by disposing of the same cases in which the petitions for discretionary review were pending and frustrating this Court's ability to review the judgments of the courts of appeals.

In the instant case, the granting of Delarosa's dismissal motion would insulate the judgment of the court of appeals from this Court's review. However, the instant case presents only one scenario by which the actions of a trial court could have the effect of preventing this Court from reviewing a judgment of a court of appeals, a judgment as to which this Court has indicated that it is willing to exercise its powers of discretionary review.

In State v. Johnson, 821 S.W.2d 609, 614 (Tex. Crim. App. 1991), this Court addressed the situation involving a trial court's having dismissed a case when the State had failed to appear in court. Johnson, 821 S.W.2d at 613-14. While this Court concluded that the trial court had acted improperly in dismissing the State's case, this Court acknowledged that the trial court could properly call a case to trial and find a defendant not guilty if the State produced no witnesses. Johnson, 821 S.W.2d at 614 n.8.

18

In light of the extent of the trial court's power to call a case when the State could produce no witnesses (and thus ensure that the defendant would not be convicted), this Court should demonstrate in the instant case that the timely filing of a petition for discretionary review vests this Court with sole and exclusive jurisdiction and that trial courts have no jurisdiction to dispose of the same cases in which petitions for discretionary review are pending. A conclusion by this Court that the timely invocation of its jurisdiction through the filing of a petition for discretionary review vested it with exclusive jurisdiction until this Court decided that it did not wish to exercise its powers of discretionary review would have the effect of promoting and protecting this Court's ability to review the judgments of the courts of appeals. Without such a conclusion by this Court, there would be almost no legal impediment (at least in those situations where the judgment of a court of appeals had resulted in a return of the case to the trial court) to a trial court's willingness to force the State to "trial" in the manner acknowledged by Johnson, 821 S.W.2d at 614 n.8 and to thereby frustrate this Court's ability to review even those judgments of the courts of appeals that this Court believed merited further review. If this Court did issue an opinion making clear that the timely invocation of this Court's jurisdiction prevented trial courts from having jurisdiction over the cases as to which petitions for discretionary review pertained and a trial court still acted to dispose of such cases, the existence of

19

this Court's opinion establishing its sole and exclusive jurisdiction would promote the ability of the State to seek review, either via the direct appeal process or the mandamus process (depending on the particular facts of the specific case).

While a presumption of regularity normally applies to judgments from and proceedings in the lower courts, the presumption has no application in the instant case because the appellate record contains the affirmative indicia that makes absolutely and transparently clear that the purported judgment of December 17, 2014 was issued when this Court had jurisdiction over the case and the trial court had no jurisdiction to dispose of the case. *See, e.g.*, Schneider v. State, 594 S.W.2d 415, 418 (Tex. Crim. App. [Panel Op.] 1980). Additionally (as was discussed in the State's Opening Merit Brief), the purported judgment contains other matters that not only destroy even the potential applicability of the presumption of regularity, but also shed doubt as to whether the trial court had actually granted a motion for new trial on August 6, 2014 (which was the very reason why the State had asked the Fifth Court to make use of the abatement process in the first place).[6]

The original judgment that Delarosa appealed to the Fifth Court reflects "July 9, 2014" as the date the judgment was entered. (CR: 52-53). The trial court's order that may or may not have been intended to grant Delarosa's motion for new trial could

_____

[6]*See* State's Opening Merit Brief, at pp. 19-20.

have been signed no earlier than "August 6, 2014" (because the order was file-stamped on that date, but the trial court's signature on the order is not dated). (CR: 64). Again, the docket sheet contains nothing to indicate that any motion for new trial was even filed, much less whether the trial court ever ruled on any motion for new trial. (CR: 5). However, in the judgment of December 17, 2014 upon which Delarosa's dismissal motion relies, there is a notation that appears close to the trial court's signature, a notation that reads, "Motion for new trial granted per Judge Rick Magnis."

If the trial court had actually intended for the order of August 6, 2014 to function as an order that had already granted Delarosa a new trial, then the trial court would have had no need to indicate in the judgment of December 17, 2014 that a new trial was being granted. Accordingly, the aforementioned notation in the judgment of December 17, 2014 actually provides more support for the conclusion that the abatement process should have been used to determine whether the trial court had intended to grant Delarosa a new trial back in August 2014.

Moreover, the trial court's granting of a new trial on December 17, 2014 would be wholly improper (and of absolutely no force and effect) relative to the original judgment of July 9, 2014 because the period of time between July 9, 2014 and December 17, 2014 far exceeds the time limit of 75 days within which any trial court must rule on a motion for new trial in order to avoid losing jurisdiction to enter any

21

ruling on a motion for new trial. *See* Tex. R. App. P. 21.8(a); Tex R. App. P. 21.8(c); State v. Garza, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996), *citing* State ex rel. Cobb v. Godfrey, 739S.W.2d 47, 49 (Tex. Crim. App. 1987). Accordingly, the aforementioned notation in the judgment of December 17, 2014 provides only more support for the conclusion that the presumption of regularity has absolutely no application to the judgment of December 17, 2014. Finally, it also must not be overlooked that jurisdiction to dispose of the case could not have been conferred by the parties if such jurisdiction had not already existed. *See, e.g.*, Stine v. State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995)("It is also fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."), *citing* Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993); *see also, e.g.,* Ex Parte Sledge, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013). Accordingly, the invocation of this Court's exclusive jurisdiction by the timely filing of the State's petition for discretionary review would be wholly inconsistent with jurisdiction somehow being conferred on the trial court by the consent of the parties. *See* Olivo, 918 S.W.2d at 522; Garza, 896 S.W.2d at 194-95.

Based on all the aforementioned legal authority, dismissal of the State's petition for discretionary review fails to be justified by the contentions in Delarosa's dismissal motion. Moreover, if it is the position of this Court that its jurisdiction may somehow

22

be simultaneously shared with a lower court, then the contentions in Delarosa's dismissal motion have presented this Court not only with more reasons why this Court should refrain from dismissing the previously-granted State's petition for discretionary review, but also with additional legal issues that this Court might want to address in resolving the contentions in the previously-granted State's petition for discretionary review.

## CONCLUSION  AND  PRAYER

For the reasons discussed in the State's Opening Merit Brief, the Fifth Court erred by dismissing the instant case for want of jurisdiction without having first resorted to the abatement process to have ascertained whether the Fifth Court did or did not actually have jurisdiction over the instant case.  Accordingly, this Court should still issue an opinion making clear that the Fifth Court should have followed this Court's opinion in Taylor v. State, 247 S.W.3d 223 (Tex. Crim. App. 2008), granted the State's abatement motion, and remanded the case to the trial court with instructions to make the relevant findings regarding whether the motion for new trial had or had not been granted.

For the reasons stated in the instant State's Jurisdictional Brief, this Court should – consistent with Olivo, 918 S.W.2d at 522, Garza, 896 S.W.2d at 194-95, Bates, 889 S.W.2d at 310-11, Adams, 930 S.W.2d at 92 n. 6, Homan, 708 S.W.2d at 453 and Ex Parte Shaw, 395 S.W.3d at 819  – issue an opinion that leaves absolutely no doubt that this Court's jurisdiction – once invoked – is sole and exclusive up to and until the point that this Court reaches a decision that the timely-filed petition for discretionary review should be refused.  Any conclusion regarding the invocation of this Court's jurisdiction that permitted any lower court to divest this Court of its previously-vested jurisdiction would be wholly inconsistent with – if not violative of – the provision of the Texas

24

Constitution that assigns this Court the position as the highest criminal court in the State of Texas and the final arbiter of all criminal law matters.

For all the aforementioned reasons and based on all the legal authority cited in conjunction therewith, the State prays that the erroneous judgment of the Fifth Court in this case will be vacated or reversed and that the exclusive nature of this Court's jurisdiction – once it is invoked – will be established in terms that cannot be doubted or misinterpreted.

Respectfully submitted,

SUSAN HAWK
Criminal District Attorney
Dallas County, Texas

_Michael R. Casillas_

_____
MICHAEL R. CASILLAS, Assistant
Criminal District Attorney,
Appellate Division
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3600/FAX (214) 653-3643
State Bar No. 03967500
Michael.Casillas@dallascounty.org
Mcasillas@dallascounty.org

## CERTIFICATE/PROOF OF SERVICE

I hereby certify that – no later than March 12, 2015 – a true, electronically-formatted copy of the instant State's Jurisdictional Brief has been served on opposing counsel, the Hon. Leslie McFarlane, and has also been served on the State's Prosecuting Attorney, the Hon. Lisa McMinn, by use of the electronic service function that accompanies the State's filing of the instant State's Jurisdictional Brief with this Court through the electronic filing service provider to which the State subscribes.

_____

MICHAEL R. CASILLAS

26

# CERTIFICATE OF COMPLIANCE

By affixing my signature below, I hereby certify – based on the word count function of the word-processing software program that was used in connection with the preparation of the instant State's Jurisdictional Brief – that the entirety of the body of the instant State's Jurisdictional Brief is comprised of 5,810 words. Additionally, I hereby certify that the relevant portions of the instant State's Jurisdictional Brief – as defined by Tex. R. App. P. 9.4(i)(1) – are comprised of 3,463 words. Accordingly, I also hereby certify that the number of words in the instant State's Jurisdictional Brief is in no way in excess of the 15,000-word limit specified in Tex. R. App. P. 9.4(i)(2)(B).

*Michael R. Casillas*

_____

MICHAEL R. CASILLAS